STATE v. S. PETER GETMAN AND ANOTHER.*

195 N. W. 2d 827.

March 17, 1972—Nos. 42857, 42858.

---

* Record certified to United States Supreme Court June 21, 1972.

*Stacker, Silverstein, Burke & Radsom* and *Thomas J. Burke,* for appellants.

*Warren Spannaus,* Attorney General, *Paul J. Tschida,* Special Assistant Attorney General, *Thomas E. Plante,* City Attorney, and *Victor D. Ulmer,* Assistant City Attorney, for respondent.

Considered by Knutson, C. J., and Murphy, Kelly, and Hachey, JJ.

RONALD E. HACHEY, JUSTICE.*

Two appeals from convictions of exhibiting and selling obscene materials in violation of Minn. St. 617.241.[1] Defendants were separately charged with 41 counts of knowingly exhibiting, offering for sale, or attempting to distribute obscene photographs. The two matters were consolidated and came on for trial on June 1, 1970, in the municipal court of the city of Duluth. No testimony was offered, and it appears that the matters were

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

[1] Minn. St. 617.241 provides: "It is unlawful for any person knowingly to exhibit, sell, print, offer to sell, give away, circulate, publish, distribute, or attempt to distribute any obscene book, magazine, pamphlet, paper, writing, card, advertisement, circular, print, picture, photograph, motion picture film, play, image, instrument, statue, drawing, or other article which is obscene. 'Obscene' for the purpose of this section, is defined as follows: Whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interests.

"Any person violating any provision of this section shall be fined not less than $20 nor more than $100 for each offense."

submitted to the trial court by stipulation of the parties and respective counsel.[2]

---

[2] The record of the proceedings includes the following stipulation:

"* * * That the Defendant Robert O. Carlson was, on July 2nd, 1969, and during all times material to this proceeding, the owner and manager of the premises known as the Discount Bookstore, 123 East Superior Street, Duluth, St. Louis County, Minnesota. That the Defendant S. Peter Getman, on July 2nd, 1969, and during all times material to this proceeding, was employed as a clerk and local manager of the said Discount Bookstore. That said Discount Bookstore is located on the main street in the main business district of the City of Duluth. That States Exhibits PP through YY accurately depict portions of the Discount Bookstore as it appeared on July 2nd, 1969, about 2:15 P.M. That at about 2:15 P.M. on July 2nd, 1969, Sergeant James Foucault and Officers John Green and Gerald Sabick of the Duluth Police Department, entered said Discount Bookstore and pursuant thereto, with a search warrant having been issued July 1st, 1969, A through Z and AA through OO were seized. Said search warrant having been issued by Judge Thomas J. Bujold of the Municipal Court of the City of Duluth. That said Discount Bookstore was open to the public for business about 2:15 P.M. on July 2nd, 1969 and while said search warrant was being executed, and that the Defendant S. Peter Getman was then on the premises of said Discount Bookstore. That said States Exhibits A through Z and AA through OO were on display on the premises at said Discount Bookstore at the time said seizures were made and that the exhibits were then available for sale. That both Defendants Carlson and Getman had at all times material to this proceeding a general knowledge of the nature of the contents of States Exhibits A through Z and AA through OO, but they deny that said exhibits are obscene. And that States Exhibits A through Z and AA through YY may, with the Court's permission, be received in evidence without objection from the Defendants.

"MR. BURKE [defendants' attorney]: AA through OO or YY?

"MR. ULMER [assistant city attorney]: YY. That includes all the photographs of the Discount Bookstore.

"MR. BURKE: So A through Z are exhibits and AA through YY?

"THE COURT: Everything from OO on are the pictures of the interior, are pictures of the store.

"MR. ULMER: With that the State rests, Your Honor.

"MR. BURKE: We agree to that stipulation as long as the stipulation clearly shows that, and I think it does, that all of these materials were

After both parties had rested, defendants immediately moved for a dismissal on the grounds that (1) a finding of guilty would be a violation of defendants' rights under the First and Fourteenth Amendments of the United States Constitution; (2) the photographs were not obscene as a matter of law; and (3) the state had failed to offer any evidence that any of the materials seized exceeds the contemporary community standards or, in the light of those standards, is patently offensive. Defendants further urged that the state had failed to produce any evidence that the materials before the court were utterly without redeeming social value.

Forty-one of the exhibits consisted of photographs of nude women posing in various positions to display their genital parts and suggested sex acts between women. Most of the poses consisted of close-ups to give pictorial detail to the exterior portions of the vulvar and pubic area. Others displayed acts of cunnilinguism being committed by two women and attempts by one woman to insert objects such as a candle, a carrot, or a pop bottle into her vagina or that of another woman. Still others depicted women in the nude holding their vulva apart with their fingers, giving close-up views of the entrance to the vagina. The exhibits A to Z and AA to OO contained 256 individual photo-

seized by these three policemen under the warrant, at the same time and at the same place, from the shelves of the store.

"MR. ULMER: Yes.
"MR. BURKE: Selected by them.
"MR. ULMER: Yes.
"THE COURT: And you deny, I suppose the obscenity of them?
"MR. BURKE: Yes sir. That's the stipulation.
"MR. ULMER: With that then the State rests, Your Honor.
"MR. BURKE: And the Defendants will not offer any evidence.
"THE COURT: I take it then, both parties rest?
"MR. BURKE: Yes.
"MR. ULMER: Yes.
"THE COURT: Very well then, the matter will be taken under advisement."

graphs in all. Ten of the exhibits, PP to YY, contained photographs of the exterior and interior of the store.

The trial court found, inter alia, that exhibits A to Z and AA to OO, inclusive, focused attention on nude women, obscenely depicting their genitalia and acts of lesbianism among them; that contemporary community standards of morality proscribe the commercial dissemination of articles and pictures concerning homosexuality, flagellation, masochism, incest, fetishism, and other types of sex perversion, the dominant theme of such articles being to create a morbid interest in such types of sex behavior; that the dominant theme of each of the photographs is an appeal to the prurient interest of any person viewing them and that each is obscene; and that none of the exhibits contributes to science, letters, art, medicine, education, or anything else of social benefit or significance, and that each is utterly without redeeming social value or importance. The trial court concluded that defendants were guilty on each of the 41 counts, and fined each defendant $100 on each count.

The issues raised are: (1) Whether the state presented sufficient evidence to sustain the findings of the trial court that the material in question was obscene; (2) whether the material in question is nonobscene as a matter of law and thus entitled to the protection of the First and Fourteenth Amendments to the United States Constitution; and (3) whether the trial court erred in treating each count in both complaints as a separate offense, fining both defendants on each count charged.

The proceedings in the municipal court and this appeal amount to a rerun of the issues and decision involved in State v. Carlson, 291 Minn. 368, 192 N. W. 2d 421 (1971), involving the same named defendants. In that case the materials seized were 54 reels of movie film. On appeal from the same municipal court we affirmed the convictions. We need not here reiterate the reasons for our decision. In the light of that decision, we hold in the instant matter: (1) The materials seized were obscene; (2) the finding that defendants were guilty of violating Minn.

St. 617.241 does not constitute a violation of their rights under the First and Fourteenth Amendments to the United States Constitution; and (3) in view of the stipulations of the parties and upon an examination of the exhibits offered and received, it was unnecessary to offer further evidence to ascertain the contemporary community standards of morality or to determine the questions of lack of social value and of whether the photographs appeal to prurient interests. We agree with the trial court that further testimony would be superfluous, and we hold that such testimony is not essential to appellate review.

Defendants were each fined $100 on each of the 41 counts. Minn. St. 609.035 provides:

"Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

Pursuant to our holding in State v. Carlson, *supra,* we conclude that the trial court erred in imposing a fine for each of the 41 convictions, and we order a modification of the judgment in that respect to limit the fines imposed to $100 for each defendant.

Convictions affirmed, subject to modification of sentences in accordance with this opinion.

MR. JUSTICE TODD, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.