COMMONWEALTH *vs.* BEACON DISTRIBUTORS, INC.
(and thirteen companion cases).

Suffolk. October 7, 1982. — October 29, 1982.

Present: HALE, C.J., ROSE, & GRANT, JJ.

*Obscenity. Practice, Criminal,* Indictment or complaint, Duplicitous charges, Dismissal, Sentence. *Pleading, Criminal,* Indictment or complaint. *Statute,* Construction. *Words,* "Matter."

On a motion to dismiss indictments under G. L. c. 272, § 29, each containing twenty counts arising from a police seizure of twenty allegedly obscene motion picture films from a single location, a judge correctly ruled that each indictment alleged only one offense [573-575]; however, the judge should not have dismissed all but one of the counts of each indictment, but should, on remand, select for trial, either through agreement of the parties or in the exercise of his discretion, a block of counts which depends on a relatively small number of films [575-576].

INDICTMENTS found and returned in the Superior Court Department on October 26, 1978.

A motion to dismiss was heard by *Brogna, J.*

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

*Alice E. Richmond & Susan Hughes Banning* for the defendants.

GRANT, J. In drafting indictments or complaints under G. L. c. 272, § 29 (as appearing in St. 1974, c. 430, § 9),[1]

---

[1] "Whoever disseminates any matter which is obscene, knowing it to be obscene, or whoever has in his possession any matter which is obscene, knowing it to be obscene, with the intent to disseminate the same, shall be punished by imprisonment in the state prison for not more than five years or in a jail or house of correction for not more than two and one half years, or by fine of not less than one hundred dollars nor more than five thousand dollars, or by both such fine and imprisonment in a jail or house of correction . . . ."

it appears to have been the uniform practice to treat each act of unlawful dissemination as a separate offence which is punishable as such. See, e.g., *Commonwealth* v. *707 Main Corp.*, 371 Mass. 374, 375, 386 (1976); *Commonwealth* v. *Rosenberg*, 379 Mass. 334, 335 & n.2 (1979); *Commonwealth* v. *Kocinski*, 11 Mass. App. Ct. 120, 120-121 (1981); *Commonwealth* v. *Lotten Books, Inc.*, 12 Mass. App. Ct. 625, 626, 629, 630, 631 (1981); *Commonwealth* v. *Coast Vending Co.*, 12 Mass. App. Ct. 846, 847 (1981); *Commonwealth* v. *Dane Entertainment Servs., Inc.*, 13 Mass. App. Ct. 931 (1982). There does not appear to have been any like uniformity of practice in charging unlawful possession under § 29. There have been some complaints which have been framed on the theory that the simultaneous unlawful possession of more than one item which falls within the statutory definition of "matter which is obscene"[2] constitutes as many separate offences as there are items (see, e.g., *Commonwealth* v. *Zone Book, Inc.*, 372 Mass. 366, 366-367 [1977]) and other complaints which have proceeded on the theory that the simultaneous unlawful possession of more than one such item in the same place constitutes a single offence. See, e.g., *Commonwealth* v. *Ferro*, 372 Mass. 379, 380 (1977). The principal question for decision in this case is whether the simultaneous unlawful posses-

---

[2] General Laws c. 272, § 31, as appearing in St. 1974, c. 430, § 12, provides in relevant part as follows:

"As used in section [ ] . . . twenty-nine . . . the following words shall, unless the context requires otherwise, have the following meanings:

". . . .

"'Matter,' any printed material, visual representation, live performance or sound recording including but not limited to, books, magazines, motion picture films, pamphlets, phonographic records, pictures, photographs, figures, statutes, plays, dances.

"'Obscene,' matter is obscene if taken as a whole it (1) appeals to prurient interest of the average person, applying the contemporary standards of the commonwealth; (2) depicts or describes sexual conduct in a patently offensive way; and (3) lacks serious literary, artistic, political or scientific value . . . ."

sion in one place of more than one item which falls within the statutory definition constitutes a single offence or as many offences as there are items.

Following a police raid on a warehouse in South Boston which (we are told in the briefs) was maintained by the defendant Beacon Distributors, Inc., the grand jury in Suffolk County returned fourteen separate indictments, each in twenty counts. The first of the indictments charged Beacon with unlawful possession of twenty different allegedly obscene motion picture films (one film title per count) with intent to disseminate them, contrary to § 29. The second indictment, similarly structured, charged one Michael M. Breen with the unlawful possession of the same twenty films. The next six indictments, each in twenty counts, charged each of the other six individual defendants[3] with having been an accessory before the fact (G. L. c. 274, § 2) to Beacon's unlawful possession of each of the twenty films. Perhaps to complete some supposed symmetry, the last group of indictments, similarly structured, charged each of the same six individuals with having been an accessory before the fact to Breen's unlawful possession of each of the twenty films. The mathematics of the situation are that the Commonwealth has attempted to parlay its seizure of twenty films into a grand total of 280 separate and distinct charges, each presumably carrying the penalties prescribed by § 29.

The defendants severally moved to dismiss the various indictments against them on the grounds (among others) of fragmentation and multiplicity. A judge of the Superior Court, after hearing, ruled that each indictment alleged only one offence, ordered the consolidation of all the counts of each indictment for purposes of trial and possible punishment, dismissed all except the first count of each indictment, but ruled that the matters alleged in the dismissed counts could be introduced in evidence at trial. The Com-

---

[3] Harvey Horowitz, Alan Jay Bloom, Melvin Louis Kamins, Sander William Schrago, Antoine Robert Dostal and Reuben Sturman.

monwealth appealed. Mass.R.Crim.P. 15(b)(1), 378 Mass. 883 (1979).

The question for decision is the intent of the Legislature concerning the allowable unit of prosecution for the offence of possession of obscene matter contrary to G. L. c. 272, § 29, when a defendant is found in the simultaneous possession in one place of more than one item which falls within the statutory definition of "matter which is obscene." See *Commonwealth* v. *Levia*, 385 Mass. 345, 347 (1982); *Commonwealth* v. *Winter*, 9 Mass. App. Ct. 512, 523 (1980); *Commonwealth* v. *Gurney*, 13 Mass. App. Ct. 391, 395-396, 401-402 (1982). Compare *Commonwealth* v. *Jones*, 382 Mass. 387, 394-395 (1981); *Commonwealth* v. *Crocker*, 384 Mass. 353, 359-360 (1981); *United States* v. *Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221 (1952); *Bell* v. *United States*, 349 U.S. 81, 82-83 (1955); *Ladner* v. *United States*, 358 U.S. 169, 173 (1958). Stated somewhat differently, the question is whether the Legislature, in enacting the unlawful possession aspect of § 29, intended to punish the unlawful possession of each separate item of obscene matter or intended that a single penalty attach to an unlawful course of conduct. See *United States* v. *Universal C.I.T. Credit Corp.*, 344 U.S. at 224. Compare *United States* v. *Palladino*, 475 F.2d 65, 74-75 (1st Cir. 1973), rev'd on other grounds, 490 F.2d 499 (1st Cir. 1974). Under well established principles, if we are unable to ascertain the intent of the Legislature or find the statute ambiguous, the defendants are entitled to the benefit of any rational doubt. *Wood* v. *Commissioner of Correction*, 363 Mass. 79, 81 (1973). *Commonwealth* v. *Crosscup*, 369 Mass. 228, 234 (1975). *Commonwealth* v. *Lotten Books, Inc.*, 12 Mass. App. Ct. at 629-630. Compare *Bell* v. *United States*, 349 U.S. at 83-84; *Ladner* v. *United States*, 358 U.S. at 177-178.

There is nothing in the legislative history of G. L. c. 272, §§ 29 and 31, which sheds any real light on the intended meaning of the word "matter" as employed in those sections. The emphasis appears to have been on adopting a

definition of "obscene" which would pass constitutional muster in the wake of the decisions in *Miller* v. *California,* 413 U.S. 15 (1973), and *Commonwealth* v. *Horton,* 365 Mass. 164 (1974). There is no published decision which is of any direct assistance in our analysis.

The word "matter" is often used in an indefinite sense and, depending on its context, may bear a connotation which is either singular or plural. See Webster's Second New Intl. Dictionary 1515 (1949). The dual use of the words "is" and "it" in § 29 (note 1, *supra*) suggests that "matter" was intended to have a singular connotation, as do those same words and the words "appeals", "depicts", and "lacks" which are employed in the statutory definition of "obscene" found in § 31 (note 2, *supra*). All this suggests that the Legislature may have intended that a defendant could be punished for each item of obscene matter which might be found in his possession at any one time and place.

On the other hand, the only portion of the statutory definition of "[m]atter" which has any relevance to the present case is "any . . . visual representation . . . including but not limited to . . . motion picture films," words which distinctly suggest that "matter" should bear a plural connotation. When that phenomenon is considered in light of the unlikelihood that the Legislature intended to permit any of the defendants in a case such as the present to suffer monetary penalties aggregating as much as $100,000 or to permit any of the individual defendants to be imprisoned for as long as 100 years for the unlawful possession (as opposed to the unlawful dissemination) of items which are obscene, we conclude that the defendants are entitled to the benefit of the doubt as to the proper construction of the statute and that none of the indictments alleges more than a single offence.[4]

---

[4] Although not material to the intent of the Legislature, we note that our construction is consistent with the growing tendency to disfavor even concurrent sentences when a given set of facts leads to multiple convictions under several different statutory provisions. See *Commonwealth* v. *Jones,* 382 Mass. at 394-397, *Commonwealth* v. *DiMatteo,* 12 Mass. App.

We conclude that the judge was correct in ruling that each indictment alleged only one offence. It does not follow, however, that he was correct in dismissing all except one of the counts of each indictment, as the Commonwealth would be entitled (in theory at least) to convictions of Beacon and Breen if it could satisfy a rational jury beyond a reasonable doubt (see *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 [1979]) that any of the twenty films is obscene and was possessed by the particular defendant with the requisite scienter and intent. Similarly (again in theory), the Commonwealth would be entitled to convictions of each of the other six defendants if it could satisfy a rational jury beyond a reasonable doubt that any of the twenty films is obscene and that those defendants were accessories before the fact to the unlawful possession of any of the films by either Beacon or Breen.[5] This is not to say that the Commonwealth should be permitted to squander the limited resources of the Superior Court by proceeding to trial on all 280 counts in the first instance. See *Commonwealth* v. *Benjamin*, 358 Mass. 672, 677-678 (1971), *S.C.*, 3 Mass. App. Ct. 604, 612, 614, 620, 625, 644-649 (1975), in which a seventy-two-day trial of 180 counts for conspiracy yielded evidence of only a fraction of that number of conspiracies.

The trial judge is to be firm in the exercise of his powers under Mass.R.Crim.P. 9(a)(3) and (d), 378 Mass. 859, 860 (1979). If the parties are unable to agree on the trial of a block of counts which depends on a relatively small number of films (see *Commonwealth* v. *Lotten Books, Inc.*, 12 Mass. App. Ct. at 627 n.4), the judge is to select the films. In making his choice, the judge may study the minutes of the grand jury, may view any or all of the films, and may require the Commonwealth to summarize in writing all the

---

Ct. 547, 555 (1981); *Commonwealth* v. *Atencio*, 12 Mass. App. Ct. 747, 752-753 (1981); *Commonwealth* v. *Minkin*, *post* 911, 915 (1982).

[5] We think it too clear for discussion that none of the six defendants in this group can be punished twice as an accessory before the fact to the unlawful possession of the same film by both Beacon and Breen. See *Commonwealth* v. *Lotten Books, Inc.*, 12 Mass. App. Ct. at 629-631.

evidence which it intends to offer in support of any or all of the counts. See *Commonwealth* v. *Benjamin*, 3 Mass. App. Ct. at 610. If a defendant is convicted on any one or more of the counts against him, the judge is to impose a single sentence on that defendant (see *Commonwealth* v. *Ferro*, 372 Mass. at 380; *Commonwealth* v. *Jones*, 382 Mass. at 388 & n.1) and dismiss all the remaining untried counts against that defendant.

The several orders dismissing all except one of the counts of the various indictments are reversed, and the cases are to stand for further proceedings in the Superior Court not inconsistent with this opinion; the defendants may move in this court under Mass.R.Crim.P. 15(d), 378 Mass. 884 (1979).

*So ordered.*