STATE OF NORTH CAROLINA v. RICKY VON WILDS

No. 8726SC546

(Filed 15 December 1987)

### 1. Obscenity § 2 — disseminating obscenity — films introduced — evidence sufficient

There was sufficient evidence in a prosecution for disseminating obscenity that the material was obscene where each film was admitted into evidence. The State is not required to offer affirmative testimony concerning each of the statutory criteria. N.C.G.S. § 14-190.1(b).

### 2. Obscenity § 3 — disseminating obscenity — evidence of agreeing to sell — sufficient

In a prosecution for disseminating obscenity, the evidence was sufficient to support a jury finding that defendant exhibited and agreed to sell the material to an officer where the defendant directed her to a bin where the films were displayed for sale; the films were packaged in boxes upon which were photographs depicting sexual conduct consistent with that depicted in the films themselves; defendant told the officer that the films were on sale; and defendant accepted her money after she selected two of the films. N.C.G.S. § 14-190.1(a)(1), (3) and (4).

### 3. Obscenity § 2 — disseminating obscenity — definition of community — statute not vague and overbroad

Contentions in a prosecution for disseminating obscenity that the trial court erred by failing to define the relevant community in that N.C.G.S. § 14-190.1 is vague and overbroad were overruled without discussion.

### 4. Obscenity § 3 — disseminating obscenity — instructions on intent and guilty knowledge — correct

The trial court in a prosecution for disseminating obscenity correctly instructed the jury on defendant's intent and guilty knowledge; the State was not required to prove that defendant knew the materials were unlawfully obscene.

### 5. Obscenity § 3 — disseminating obscenity — activity depicted not alleged in indictment

The trial court did not err in its instructions in a prosecution for disseminating obscenity by including masturbation in its definition of sexual conduct which could render material obscene, even though masturbation was not alleged in the indictments. Whether the subject matter depicted masturbation is not an element of the crime, only evidence from which a jury could conclude that the material was obscene. N.C.G.S. § 14-190.1(c), N.C.G.S. § 14-190.1 (b)(1).

### 6. Obscenity § 3 — disseminating obscenity — instructions — no error

The trial court did not err in a prosecution for disseminating obscenity by refusing to define certain terms such as sale and agreeing to sell as proposed in defendant's requested instructions where the instructions requested were

inappropriate and had the potential to mislead and confuse the jury; moreover, even if the jury erred in failing to give the requested instructions, defendant failed to demonstrate any prejudice as the words sale and agreeing to sell were so generally used and the meaning so commonly understood as to require no further definition.

**7. Obscenity § 3— disseminating obscenity—two films purchased in one transaction—two convictions**

The trial court did not err in a prosecution for disseminating obscenity arising from the purchase of two films in one transaction by failing to arrest judgment on one of the counts for which defendant was convicted. N.C.G.S. § 14-190.1(a) expressed a clear legislative intent that dissemination of each item will constitute a separate unlawful act; moreover, different evidence was required to prove each offense because the jury was required to make an independent determination as to whether each film was obscene. The Fifth Amendment to the United States Constitution, Art. I, § 19 of the North Carolina Constitution.

APPEAL by defendant from *Owens, Judge*. Judgment entered 4 February 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 November 1987.

Defendant was charged in two separate indictments with disseminating obscenity in violation of G.S. 14-190.1(a). At trial, the State presented evidence tending to show that on 3 March 1986, Officer C. P. House of the Charlotte Police Department's Vice and Narcotics Bureau went to the Joy Adult Bookstore located on East Independence Boulevard in Charlotte. Upon entering the store, Officer House observed several customers looking at magazines and saw two men, one of whom was defendant, standing behind the counter. Officer House selected two magazines and took them to the counter where defendant was standing. She stated that she was interested in purchasing some films. Defendant showed her a bin containing films and explained to her the way in which she could distinguish between eight millimeter films and Super-8 films. Officer House selected two films, handed them to defendant, and asked if both films were Super-8. Defendant handed one back to her, saying that it was not. She returned it to the bin, selected another film, placed it on the counter with the first film and the two magazines, handed defendant seventy dollars in cash, purchased the items and left the store.

Both of the films purchased by Officer House were received into evidence and were shown to the jury. The first film was entitled "These Bases are Loaded" and contained depictions of

several males engaged in oral and anal sexual intercourse. The second film, entitled "Three of a Kind," depicted a male and two females engaged in various acts of vaginal and oral sexual intercourse and in masturbation.

Defendant offered no evidence. The jury returned verdicts finding defendant guilty as charged in each indictment. From judgment entered on the verdicts, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Howard E. Hill, for the State.*

*Shelley Blum, attorney for defendant appellant.*

MARTIN, Judge.

In this appeal, defendant challenges the constitutionality of G.S. 14-190.1 as well as the sufficiency of the evidence to sustain his convictions for violations of that statute. He also contends that the trial court committed several errors with respect to its instructions to the jury. Finally, defendant argues that since both films were sold in a single transaction, he can be convicted on only one offense and that judgment should be arrested as to one of the two indictments. We overrule each assignment of error and find no prejudicial error in defendant's trial.

By his first assignment of error, defendant contends that the State's evidence was insufficient to support his convictions and that the trial court erred by denying his motions to dismiss the charges. In order to convict a defendant of disseminating obscenity, the State must prove that the defendant 1) disseminates, in any manner described by G.S. 14-190.1(a)(1-4); 2) material which is obscene; and 3) that the defendant acted intentionally and with knowledge of the contents of the material. G.S. 14-190.1; *see State v. Mayes*, 86 N.C. App. 569, 359 S.E. 2d 30, *appeal dismissed and disc. rev. allowed*, 321 N.C. 122, 361 S.E. 2d 599 (1987); *Cinema I Video v. Thornburg*, 83 N.C. App. 544, 351 S.E. 2d 305 (1986), *aff'd*, 320 N.C. 485, 358 S.E. 2d 383 (1987).

[1] Defendant first argues that the State failed to offer substantial evidence that either film was obscene. We disagree.

G.S. 14-190.1(b) provides:

(b) For purposes of this Article any material is obscene if:

(1) The material depicts or describes in a patently offensive way sexual conduct specifically defined by subsection (c) of this section; and

(2) The average person applying contemporary community standards relating to the depiction of sexual matters would find that the material taken as a whole appeals to the prurient interest in sex; and

(3) The material lacks serious literary, artistic, political, or scientific value; and

(4) The material as used is not protected or privileged under the Constitution of the United States or the Constitution of North Carolina.

Although the burden is upon the State to prove that the material is obscene, the State is not required to offer affirmative testimony concerning each of the statutory criteria; the materials themselves are sufficient evidence for a determination of the question of obscenity. *Paris Adult Theatre I v. Slaten*, 413 U.S. 49, 37 L.Ed. 2d 446, 93 S.Ct. 2628, *reh'g denied*, 414 U.S. 881, 38 L.Ed. 2d 128, 94 S.Ct. 27 (1973). In the present case, each film was admitted into evidence and viewed by the jury. Without question, each film depicted "sexual conduct" as defined by G.S. 14-190.1(c); little else, if anything, was depicted. Viewing these exhibits in the light most favorable to the State, as is required upon a defendant's motion to dismiss criminal charges, *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982), we hold that the films themselves furnish substantial evidence from which a jury could reasonably find that they are obscene within the meaning of G.S. 14-190.1(b).

[2]  Defendant also argues that the State failed to offer substantial evidence that he disseminated obscenity in the manner alleged in the indictments, that is, by "exhibiting and agreeing to sell" the films. According to Officer House, defendant directed her to a bin where the films were displayed for sale. The films were packaged in boxes upon which were photographs depicting sexual conduct consistent with that depicted in the films themselves. Defendant told Officer House that the films were "on

sale." After she had selected the two films, he accepted her money. In our view, the evidence was sufficient to support a finding that defendant exhibited obscene material to Officer House, G.S. 14-190.1(a)(3) and (4), and agreed to sell such material to her. G.S. 14-190.1(a)(1). Defendant's first assignment of error is overruled.

[3] By his second assignment of error, defendant contends that the trial court erred by failing to define the relevant "community" when it instructed the jurors to apply contemporary community standards in determining whether the films were obscene. By his third assignment of error, defendant contends that G.S. 14-190.1 is vague and overbroad because it does not define the relevant community and in other unspecified particulars. These issues have previously been decided adversely to defendant; we overrule them without discussion. *See State v. Mayes, supra; Cinema I Video v. Thornburg, supra.*

[4] We also overrule defendant's contention that the trial court erred by instructing the jury that the State was required to prove that defendant knew the content, character and nature of the films but was not required to prove that he knew the materials were unlawfully obscene. The instructions were a correct statement of the law with respect to the issue of defendant's intent and guilty knowledge.

> It is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributed, and that he knew the character and nature of the materials. To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law.

*Hamling v. United States,* 418 U.S. 87, 123, 41 L.Ed. 2d 590, 624, 94 S.Ct. 2887, 2910-11, *reh'g denied,* 419 U.S. 885, 42 L.Ed. 2d 129, 95 S.Ct. 157 (1974).

[5] By his next assignment of error, defendant contends that the trial court erred in the instructions to the jury by including masturbation in its definition of sexual conduct which may render material obscene. He contends that since neither indictment alleged that masturbation was depicted in the film, there was a

possibility that he may have been convicted "based on an element not in the indictment." His argument has no merit.

The act of masturbation is included in the statutory definition of sexual conduct, the depiction of which in a patently offensive way can be obscenity. G.S. 14-190.1(b)(1); G.S. 14-190.1(c)(2). Whether the subject material depicts masturbation, however, is not an element of the crime with which defendant was charged; it is only evidence from which the jury can conclude that the material disseminated is, in fact, obscene. The bill of indictment need not contain allegations of an evidentiary matter. G.S. 15A-924(a)(5). This assignment of error is overruled.

[6] Defendant's remaining assignment of error with respect to the jury instructions is that the trial court erred by refusing to define certain terms such as "sale" and "agreeing to sell" as proposed in defendant's requested instructions. A trial court is required to give, in substance, a requested instruction which is supported by the evidence and correct in the law. *State v. Monk*, 291 N.C. 37, 229 S.E. 2d 163 (1976). In the context of the evidence in this case, however, the definitions requested by defendant were inappropriate and had the potential to mislead and confuse the jury. Thus, we find no error in the denial of defendant's request. Moreover, even if the court erred in failing to give the requested instructions, defendant has failed to demonstrate any prejudice as the words "sale" and "agreeing to sell" are so generally used and their meaning so commonly understood as to require no further definition. "The defendant bears the additional burden, when challenging a jury instruction, to show that the jury was misled or misinformed by the charge as given, or that a different result would have been reached had the requested instruction been given." *State v. Carson*, 80 N.C. App. 620, 625, 343 S.E. 2d 275, 278 (1986) (citation omitted).

[7] As his final assignment of error, defendant argues that the trial court erred by refusing to arrest judgment on one of the counts for which he was convicted. Defendant argues that, because both films were sold as part of one transaction, he may be convicted and punished for only one offense of disseminating obscenity. We disagree.

The double jeopardy clauses contained in the Fifth Amendment to the United States Constitution and Article 1, Section 19

of the North Carolina Constitution prohibit, *inter alia,* multiple punishments for the same offense. *State v. Gardner,* 315 N.C. 444, 340 S.E. 2d 701 (1986). The prohibition against multiple punishments is a constraint upon the courts, however, rather than the legislature. *Id.* Thus, if it was the clear intent of the legislature in enacting G.S. 14-190.1 to treat the dissemination of each single item of obscene material as a separate offense, that intent is controlling and a defendant may be convicted for multiple violations of the statute even though all were committed as a part of a single transaction. *Id.*

G.S. 14-190.1(a) provides:

(a) It shall be unlawful for any person, firm or corporation to intentionally disseminate obscenity. A person, firm or corporation disseminates obscenity within the meaning of this Article if he or it:

(1) Sells, delivers or provides or offers or agrees to sell, deliver or provide *any obscene writing, picture, record* or other *representation* or *embodiment* of the obscene; or

(2) Presents or directs *an obscene play, dance* or *other performance* or participates directly in that portion thereof which makes it obscene; or

(3) Publishes, exhibits or otherwise makes available *anything obscene;* or

(4) Exhibits, presents, rents, sells, delivers or provides; or offers or agrees to exhibit, present, rent or to provide: *any obscene still* or *motion picture, film, filmstrip,* or *projection slide,* or *sound recording, sound tape,* or *sound track,* or *any matter* or *material* of whatever form which is a representation, embodiment, performance, or publication of the obscene.

(Emphasis added.) In our view, the statute prohibits the dissemination of any single obscene item and expresses a clear legislative intent that the dissemination of each such item will constitute a separate unlawful act. *See Educational Books, Inc. v. Commonwealth,* 228 Va. 392, 323 S.E. 2d 84 (1984) (holding that Va. Code § 18.2-374 prohibiting sale of "any obscene item" shows legislative intent that sale of each item shall be a separate offense).

Moreover, different evidence was required to prove each offense because the jury was required to make an independent determination as to whether each film was obscene. Each offense requires proof of a fact not required by the other, i.e., the obscenity of the particular film. Thus, even applying the "same evidence test" stated in *Blockburger v. United States*, 284 U.S. 299, 76 L.Ed. 306, 52 S.Ct. 180 (1932), there are two separate offenses and defendant's protections against double jeopardy were not violated. *See Gardner, supra; Educational Books, Inc., supra; State v. Irick*, 291 N.C. 480, 231 S.E. 2d 833 (1977); *City of Madison v. Nickel*, 66 Wis. 2d 71, 223 N.W. 2d 865 (1974). We hold, therefore, that defendant was properly tried for and convicted of a separate offense in connection with his dissemination of each film found by the jury to be obscene notwithstanding that both films were disseminated in one transaction.

No error.

Judges EAGLES and PARKER concur.