STATE OF NORTH CAROLINA v. ERNEST EUGENE SMITH, III

STATE OF NORTH CAROLINA v. DAVID MICHAEL SCHOCH

No. 163A88

(Filed 3 November 1988)

**Obscenity § 1— dissemination of obscenity—sale of multiple items in one transaction—one offense**

Since the legislature failed to establish the unit of prosecution under the statute prohibiting the dissemination of obscenity, N.C.G.S. § 14-190.1, the courts must resolve this ambiguity in favor of lenity. Therefore, a defendant may not be convicted of a separate offense for each obscene item disseminated in a single transaction but may be convicted of only one offense for each sales transaction involving obscene materials.

Justice MEYER dissenting.

APPEAL by defendants pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 89 N.C. App. 19, 365 S.E. 2d 631 (1988), affirming their convictions of disseminating obscenity, in violation of N.C.G.S. § 14-190.1. Judgments entered by *Lewis, J.*, on 7 November 1986 in Superior Court, MECKLENBURG County. Heard in the Supreme Court 12 September 1988.

*Lacy H. Thornburg, Attorney General, by Thomas J. Ziko, Assistant Attorney General, for the State.*

*James, McElroy & Diehl, P.A., by Edward T. Hinson, Jr., for defendant-appellant Smith.*

*Ferguson, Stein, Watt, Wallas and Adkin, P.A., by John W. Gresham, for defendant-appellant Schoch.*

FRYE, Justice.

The dispositive issue presented on this appeal is whether the Court of Appeals erred when it affirmed the convictions of both defendants, holding that they were properly convicted of separate offenses arising out of the dissemination of each item determined by the jury to be obscene. The issue presented is one of first impression before this Court. The Court of Appeals decided that in enacting N.C.G.S. § 14-190.1 the legislature intended that a defendant could be convicted of a separate offense for each obscene item disseminated in a single transaction. We disagree and therefore reverse the Court of Appeals.

The undisputed facts are as follows:

On the afternoon of 1 October 1985, Officer H. F. Frye of the Charlotte City Police entered the Cinema Blue Bookstore in Charlotte. Defendant Schoch was the manager and defendant Smith worked as a clerk. The officer purchased a package of magazines and a film from Schoch. Defendant Smith took no part in this first sale. In a second sale later that afternoon, Sergeant T. G. Barnes, also of the Charlotte City Police, entered the same bookstore and purchased from both defendants Schoch and Smith two magazines. Defendant Schoch was subsequently prosecuted on five indictments charging him with disseminating obscenity in violation of the North Carolina Obscenity Statute, N.C.G.S. § 14-190.1 (one count for each of the three magazines and two films he sold to Officer Frye and Sergeant Barnes). Defendant Smith was tried on three indictments charging violation of the same statute (one count for each of the two magazines and one film he, together with Schoch, had sold to Sergeant Barnes). Neither defendant contests that he sold the materials which were found by the jury to be obscene.

In pertinent part N.C.G.S. § 14-190.1(a) provides:

It shall be unlawful for any person, firm or corporation to intentionally disseminate obscenity. A person, firm or corporation disseminates obscenity within the meaning of this article if he or it:

(1) sells, delivers or provides or offers or agrees to sell, deliver or provide, any obscene writing, picture, rec-

ord or other representation or embodiment of the ob-
scene; or

. . . .

(3) publishes, exhibits or otherwise makes available
anything obscene; or

(4) exhibits, presents, rents, sells, delivers, or pro-
vides, or offers or agrees to exhibit, present, rent or to
provide: any obscene still or motion picture, film, film
strip or projection slide, or sound recording, sound tape,
or sound track, or any matter or material of whatever
form which is a representation, embodiment, perform-
ance, or publication of the obscene.

N.C.G.S. § 14-190.1 (1986 & Cum. Supp. 1987).

The statute makes it unlawful to intentionally disseminate
obscenity. One disseminates obscenity within the meaning of the
statute, by selling, delivering, providing or offering or agreeing to
sell, deliver or provide "any obscene writing, picture, record or
other representation or embodiment of the obscene." N.C.G.S.
§ 14-190.1(a)(1). The word "disseminate," depending on its context,
may have a singular or plural connotation. This suggests that the
General Assembly in enacting N.C.G.S. § 14-190.1 may have in-
tended to punish the unlawful dissemination of each obscene item
or intended that a single penalty attach to the unlawful conduct
of intentionally disseminating obscenity. The statute makes no
differentiation of offenses based upon the quantity of the obscene
items disseminated. *See Commonwealth v. Beacon Distributors*,
14 Mass. App. 570, 441 N.E. 2d 541 (1982).

The Court of Appeals properly focused on the critical under-
lying question: What is the allowable unit of prosecution under
N.C.G.S. § 14-190.1? The State contends, and defendants concede,
that the allowable unit of prosecution is within the discretion of
the legislature, subject only to constitutional limitations. How-
ever, defendants argue that when the legislature does not clearly
express legislative intent, the court must determine the allowable
unit of prosecution. In doing so, any ambiguity should be resolved
in favor of lenity. *Bell v. United States*, 349 U.S. 81, 99 L.Ed. 905
(1955).

In the instant case the majority opinion of the Court of Appeals impliedly adopted the rule of statutory construction in *Bell*, but found no ambiguity. Nevertheless, the language of N.C.G.S. § 14-190.1 exhibits "no clear expression of legislative intent to punish separately and cumulatively for *each and every* obscene item disseminated, regardless of the number of transactions involved." *State v. Smith*, 89 N.C. App. 19, 24, 365 S.E. 2d 631, 634 (1988) (Wells, J., dissenting) (emphasis in original).

In *Bell*, a landmark case regarding the allowable unit of prosecution, the issue was whether the simultaneous interstate transportation of two women in violation of the Mann Act constituted two offenses or only one. Finding that the defendant in *Bell* could only be tried for one offense, the United States Supreme Court stated:

> When Congress has the will it has no difficulty in expressing it when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or antisocial conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment. This in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read. Nor does it assume that offenders against the law carefully read the penal code before they embark on crime. It merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses when we have no more to go on than the present case furnishes.

*Bell* at 83-84, 99 L.Ed. at 910-11.

*Bell* established a rule of construction to be applied in federal cases: when the legislature fails to establish the allowable unit of prosecution under a statute, the courts must resolve the ambigui-

ty in favor of lenity. The principle enunciated in *Bell* was applied in *Maxwell v. State*, 152 Ga. App. 776, 264 S.E. 2d 254 (1979). There, a police officer purchased a theatre ticket from an adult theatre and viewed the showing of two feature films and four previews of coming attractions. A jury convicted defendants of six counts of distributing obscene material based on the showing of six different films in a single, uninterrupted and continuous showing. The trial court vacated the verdict and sentences. The Georgia Court of Appeals, relying largely on *Bell*, agreed with the trial court and stated that a single, uninterrupted, continuous showing of multiple films as part of a single exhibition constitutes only one count of distributing obscene materials in violation of the Georgia obscenity statutes.

Similarly, the court in *Commonwealth v. Beacon Distributors*, 14 Mass. App. 570, 441 N.E. 2d 541, reversed on multiplicity grounds multiple convictions in obscenity cases. There the police raided a warehouse maintained by one of the defendants and seized twenty different obscene films. The grand jury returned fourteen separate indictments in twenty counts each. From the eight defendants charged with possession of obscenity, and the twenty films seized, the State prosecuted on a total of 280 separate and distinct charges. The issue before the court, as in the instant case, was whether the legislature intended to punish the unlawful possession of each obscene material or intended to attach a single penalty to the unlawful possession of obscene materials. The court concluded that none of the indictments alleged more than a single offense because the unlawful possession of more than one obscene material in one place constitutes a single offense under the state's obscenity statute.

Other courts have similarly held that a single transaction involving obscene materials constitutes but one offense. *See State v. Cimino*, 33 Conn. Supp. 682, 336 A. 2d 1168 (1976); *State v. Hungerford*, 278 So. 2d 33 (La. 1973); *State v. Getman*, 293 Minn. 11, 195 N.W. 2d 827 (1972), *vacated on other grounds*, 413 U.S. 912, 37 L.Ed. 2d 1029 (1973); *State v. PeeDee News Co.*, 286 S.C. 562, 336 S.E. 2d 8 (1985); *State v. Davis*, 654 S.W. 2d 688 (Tenn. Crim. App. 1983). *Contra State v. Wilds*, 88 N.C. App. 69, 362 S.E. 2d 605 (1987); *Educational Books, Inc. v. Commonwealth of Va.*, 228 Va. 392, 323 S.E. 2d 84 (1984); *City of Madison v. Nickel*, 77 Wis. 2d 72, 223 N.W. 2d 865 (1974).

Applying the rule of *Bell*, which we find persuasive, we agree with the statement of Judge Wells in his dissenting opinion that "until the General Assembly unambiguously declares a contrary intent, we should assume that a single sale in contravention of G.S. § 14-190.1 does not spawn multiple indictments." *State v. Smith*, 89 N.C. App. 19, 25, 365 S.E. 2d 631, 635. This construction of the statute is in accord with the general rule in North Carolina that statutes creating criminal offenses must be strictly construed against the State. *State v. Hagerman*, 307 N.C. 1, 9, 296 S.E. 2d 433, 438 (1982); *State v. Ross*, 272 N.C. 67, 157 S.E. 2d 712 (1967).

In the instant case, defendant Schoch was charged and convicted upon five indictments alleging violations of N.C.G.S. § 14-190.1. Defendant Smith was similarly charged and convicted upon three indictments. The undisputed facts are that Schoch's criminal activity was the sale of one magazine and one film to Officer Frye in a single transaction, and two magazines and one film to Sergeant Barnes in a second transaction. Thus, defendant Schoch is guilty of two counts of disseminating obscenity. It is further undisputed that defendant Smith's criminal activity was participating in the sale of the same two magazines and one film to Sergeant Barnes in a single transaction. Thus, he is guilty of only one count of disseminating obscenity.

The decision of the Court of Appeals is reversed and the case is remanded to that court for further remand to the superior court for further proceedings not inconsistent with this decision.

Defendants' petition for reconsideration of this Court's order of 5 May 1988 dismissing defendants' purported appeal on questions related to jury instructions is denied.

Reversed and remanded.

Justice MEYER dissenting.

Today the majority finds the language of N.C.G.S. § 14-190.1 ambiguous and concludes, applying the rule of *Bell v. United States*, 349 U.S. 81, 99 L.Ed. 905 (1955), the Court must resolve this ambiguity in favor of lenity toward the defendant. I find no ambiguity, and for that reason I must dissent.

The language of our statute shows a legislative intent to punish the sale of each separate obscene item, i.e., each separate magazine, film, book, etc. First, after a general statement that it is "unlawful . . . to intentionally disseminate obscenity," a definition of "disseminates obscenity" follows. That definition lists items which may be obscene; and, significantly, every item is a *singular* noun, e.g., "writing," "picture," "record," "representation," *et al.* Second, the statute uses the word "any" repeatedly. The adjective "any" is inclusive, signifying that sales of single items of obscenity are to be punished. Finally, the statute makes no express provision for the sale of multiple items that are sold as part of a single transaction; e.g., the statute does not provide that a person disseminates obscenity if he sells "writing(s), picture(s), record(s)." That language would be evidence of an intent to punish each *transaction*, rather than each sale of *each separate item*.

N.C.G.S. § 14-190.1(a), in pertinent part, provides:

(a) It shall be unlawful for any person . . . to intentionally disseminate obscenity. A person . . . disseminates obscenity within the meaning of this Article if he . . .:

(1) Sells . . . *any* obscene *writing, picture, record* or other *representation* or *embodiment* of the obscene; or

. . . .

(3) Publishes, exhibits or otherwise makes available *anything* obscene; or

(4) . . . [S]ells . . . *any* obscene *still or motion picture, film, filmstrip,* or *projection slide,* or *sound recording, sound tape,* or *sound track,* or *any matter* or *material* of whatever form which is a *representation, embodiment, performance,* or *publication* of the obscene.

(Emphasis added.)

Construing similar language in the Virginia anti-obscenity statute, the Supreme Court of Virginia has held that a defendant may be charged with separate counts for each obscene item sold, even if the items are sold in a single transaction. *Educational Books, Inc. v. Commonwealth,* 228 Va. 392, 323 S.E. 2d 84 (1984).

Like the North Carolina statute, the Virginia statute at issue in *Educational Books*, Va. Code Ann. § 18.2-374 (1988), prohibits the sale of "*any*" obscene item. Also like our statute, the Virginia Code provides that "obscene items" shall include "*any* obscene . . . book, . . . magazine, . . . picture." Va. Code Ann. § 18.2-373 (1988). Also, like our statute, the Virginia provision lists singular nouns in its definition of "obscene items": "book," "magazine," "picture," *et al.* Further, like our statute, it does not expressly provide for the punishment of the sale of multiple items that are sold as part of a single transaction: e.g., "book(s), magazine(s), picture(s), etc." In the face of this clear statutory language, the Supreme Court of Virginia held that this statute shows unmistakable legislative intent to punish the sale of *each* obscene item. After thoughtful study of North Carolina's similar statute and using similar reasoning, our own Court of Appeals found unmistakable legislative intent to punish the sale of each obscene item sold in North Carolina. *State v. Smith*, 89 N.C. App. 19, 365 S.E. 2d 631 (1988). Other courts have held that the dissemination of several obscene items in a single transaction will support multiple convictions. *See City of Madison v. Nickel*, 66 Wis. 2d 71, 223 N.W. 2d 865 (1974) (defendant convicted of four violations of a local ordinance prohibiting the sale of obscene magazines; all four magazines purchased at the same time and by the same person).

The majority's interpretation of the statute gives no consideration to the relative harm done by the store clerk selling a single obscene item and the store clerk selling 100 different obscene items in a single transaction. The number of potential "readers" increases geometrically with each additional item sold. The legislature could not have intended the seller to receive the same punishment regardless of the number of items sold in a single transaction.