## Richmond

### Robert Lee Kelsoe

### v.

### Commonwealth of Virginia

October 14, 1983.

Record No. 821094.

Present: All the Justices.

*Barry W. Norwood* for appellant.
*Vicki A. Leonhard, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

PER CURIAM.

In a bench trial, Robert Lee Kelsoe was convicted of three separate charges of brandishing and pointing a firearm in violation of Code § 18.2-282, and sentenced to 60 days in jail on each. The sole issue on appeal is whether the defendant's conduct constituted one or three violations of the statute.

Kelsoe had an argument with three men. After they walked away from him, the defendant withdrew a pistol from his coat and pointed it at them. The men were standing together a few feet from Kelsoe, facing him. They were frightened and backed away from the defendant. Thereupon, Kelsoe replaced the pistol in his coat.

The defendant contends his act constituted but one offense, and the imposition of three punishments violates the constitutional prohibitions against double jeopardy. U.S. Const. amend. V; Va. Const. art. I, § 8. We do not agree.

Code § 18.2-282, in pertinent part, provides that "[i]t shall be unlawful for any person to point, or brandish any firearm . . . whether capable of being fired or not, in such manner as to reasonably induce fear in the mind of another." There are two elements of the offense: (1) pointing or brandishing a firearm, and (2) doing so in such a manner as to reasonably induce fear in the mind of a victim. The agreed facts establish that Kelsoe "pointed the pistol toward" the three men and that each was "afraid and backed away from the defendant."

When considering multiple punishments for a single transaction, the controlling factor is legislative intent. *Missouri* v. *Hunter,* 459 U.S. 359 (1983); *Cartwright* v. *Commonwealth,* 223 Va. 368, 288 S.E.2d 491 (1982). In Code § 18.2-282, the General Assembly clearly proscribed an offense against the person. The gravamen of the offense is the inducement of fear in another. We conclude, therefore, that when the defendant frightened the three men by pointing his weapon, he committed three separate crimes. Since the trial court was authorized to impose multiple punishments, the defendant's sentences were not barred by the double jeopardy clause. *Cartwright,* 223 Va. at 372, 288 S.E.2d at 493-94.

Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*