## Richmond

### EDUCATIONAL BOOKS, INC.

### V.

### COMMONWEALTH OF VIRGINIA

Record No. 831830.

November 30, 1984.

Present: All the Justices.

*Thomas J. Morris; Robert L. Tomlinson, II*, for appellant.

*Marla Lynn Graff, Assistant Attorney General (Gerald L. Baliles, Attorney General*, on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

Tried by a jury under a nine-count indictment charging sales of obscene magazines in violation of Code §§ 18.2-374[1] and 18.2-

---

[1] Code § 18.2-374 provides in pertinent part:

It shall be unlawful for any person knowingly to:

***

(3) Publish, sell, . . . or distribute or exhibit any obscene item. . . .

381,[2] Educational Books, Inc. (the store), was found guilty as charged, with punishment fixed at a fine of $1,000 for each of the nine offenses. The trial court entered judgment on the verdict.

On appeal, the store does not challenge the finding that it made sales of obscene magazines. In view of the undisputed evidence that the nine magazines were purchased in only two transactions, however, the store contends, as it did below, that seven of the nine convictions violate the constitutional prohibitions against double jeopardy as provided in the United States Constitution, Amendment V, and the Constitution of Virginia, Article 1, § 8. The store asks that the judgment of the trial court be reversed as to seven of the nine counts of the indictment and that these seven counts be dismissed.

Two investigators employed by the Fairfax County Police Department purchased magazines from the store. The first investigator purchased a single magazine and three transparent plastic packages, each of which contained three different magazines. At trial, five of these ten magazines were introduced in evidence by the Commonwealth. The second investigator purchased four magazines which were introduced in evidence by the Commonwealth. No two of the nine magazines so introduced were the same. By its verdict, the jury found that each of the nine was obscene and that the store had made nine sales in violation of the statute.

The store argues that the same evidence was used to convict in each of the two multiple-purchase transactions. Therefore, under *Blockburger* v. *United States*, 284 U.S. 299 (1932), there could only be two valid convictions. We disagree. In *Blockburger*, the test used for determining whether the same act violating two statutory provisions constituted one or two offenses was "whether each provision requires proof of a fact which the other does not." *Id.* at 304. We reaffirmed the "same evidence" test for determining whether a single act violating two statutes constitutes one offense for double jeopardy purposes in *Jones* v. *Commonwealth*, 218 Va. 18, 21, 235 S.E.2d 313, 314-15 (1977). In the present case, we are concerned, not with violation of two statutes by one transaction, but with multiple violations of one statute. As counsel for the store conceded in oral argument, if the legislature intended

---

[2] Code § 18.2-381 provides for punishment as a Class 6 felony for a second or other subsequent conviction under the obscenity statutes.

to provide multiple punishments under the facts of this case, this intent would be controlling. Where there is such legislative intent, the *Blockburger* test is not applicable. *Fitzgerald* v. *Commonwealth*, 223 Va. 615, 635, 292 S.E.2d 798, 810 (1982), *cert. denied*, 459 U.S. 1228 (1983).

In *Kelsoe* v. *Commonwealth*, 226 Va. 197, 308 S.E.2d 104 (1983), the defendant who brandished and pointed a firearm at three persons in violation of the applicable statute was convicted of three offenses. We affirmed these convictions, holding that the controlling legislative intent was to prohibit the inducement of fear in another. In inducing fear in three persons, the defendant committed three separate crimes and his sentences did not violate the constitutional prohibitions against double jeopardy. *See Cartwright* v. *Commonwealth*, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982).

In *City of Madison* v. *Nickel*, 66 Wis. 2d 71, 223 N.W.2d 865 (1974), the defendant was convicted of four violations of a local ordinance prohibiting sale of obscene magazines. The four magazines were sold at the same time, to the same person, at the same place, and defendant contended that the sale was a single transaction for which there could not be four convictions. The Supreme Court of Wisconsin held that as each magazine was different, the determination whether each was obscene must be made independently, and the defendant could be found to have committed four violations rather than one.

■ We hold that in the present case the statutory language shows an unmistakable legislative intent that the sale of each obscene magazine shall constitute a separate offense. Code § 18.2-374 prohibits the sale of "any obscene item." Code § 18.2-373 provides that "[o]bscene items" shall include "[a]ny obscene . . . magazine." The gravamen of the offense is the sale of a single obscene item.

■ The Commonwealth had the burden to prove obscenity beyond a reasonable doubt as to each magazine introduced in evidence. It was the jury's duty to determine, under the trial court's instructions, whether each magazine was obscene. The legal test in each instance was the same, but each magazine was different. Consequently, the jury had to apply the same legal principles to nine different sets of evidentiary facts, *i.e.*, the nine magazines comprising the basis for the nine counts in the indictment. Different evidence, therefore, was used by the Commonwealth in prose-

cuting each of the nine counts. Thus, even under the "same evidence" test, there were nine separate offenses. We hold that the store's double jeopardy rights were not violated by the nine convictions. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*