# Thomas Lee Graves

## V.

# Commonwealth of Virginia

Record No. 860895

January 15, 1988

Present: All the Justices

Mark F. Sullivan (Frank, Poinsett & Nachman, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

POFF, J., delivered the opinion of the Court.

The trial judge, sitting without a jury, convicted Thomas Lee Graves of the offense charged in the indictment, viz., that he "feloniously did conspire with others to distribute marijuana in an amount in excess of one-half ounce" in violation of Code § 18.2-256. In a final order entered December 3, 1985, the court sentenced Graves to a term of five years imprisonment with four years suspended and authorized him "to serve a twelve (12) month sentence on the City Prison Farm in lieu of going to the Penitentiary".

In an order entered August 22, 1986, the Court of Appeals held, inter alia, that "the evidence was sufficient to establish beyond a reasonable doubt that [Graves] was guilty of conspiracy to distribute marijuana" and denied his petition for appeal. We granted the defendant an appeal limited to the question of the sufficiency of the evidence.

During the months of November and December 1984, officer P. B. Swartz and three other Newport News policemen were assigned to a task force to conduct an undercover investigation of citizen complaints of drug traffic at the intersection of 23rd Street and Chestnut Avenue. The officers maintained surveillance from a vehicle parked in the area. For four days, they recorded what they saw on video tapes and still photographs, many of which were admitted as demonstrative evidence at trial. Explaining the exhibits, Swartz identified several men engaged in numerous "transactions" involving a "hand-to-hand exchange of something". Swartz said that Graves, shown standing near the corner of the intersection, made two of the 145 exchanges observed during the four-day pe-

riod and that when Graves recognized a police vehicle approaching the intersection, he yelled, "Cherry top, cherry top." Swartz was unable, however, to identify the product exchanged in any of the "transactions" depicted in the exhibits.

Two of the men shown in the pictures were Burt Woods and Alonzo Wooten. Woods, under arrest for an October sale of preludin, testified in exchange for prosecutorial immunity. To support his own drug habit, Woods worked as a "runner" for Wooten, who headed an organization engaged in the sale of marijuana. Woods identified five of the men shown in the photographs as Wooten's "lieutenants". According to Woods, Wooten paid Graves for his services as a "corner man" or "lookout". Woods said that, as a "runner" for Wooten's organization, he sometimes sold as much as a thousand dollars worth of marijuana a day.

Testifying in his own behalf, Graves acknowledged that he was one of the men shown in the photographs. He said that he had been suffering at the time with a respiratory ailment and was unable to go to work. He visited the community frequently because his son lived in a house "right on the corner of 23rd and Chestnut". Graves was aware that "[p]eople were selling drugs out there", but he denied that he had done so or that he had been employed by Wooten in any capacity. Concerning the "transactions" described by officer Swartz, Graves said that "every time something happened, if you notice in those films, I actually walked away from it."

On brief, Graves argues that the evidence was insufficient to prove that he "agreed with others to distribute marijuana" or that he "conspired with others to distribute marijuana in 'an amount in excess of one-half ounce'." In response, the Attorney General argues that an unlawful agreement is the gravamen of the offense charged, that the object of the agreement need not be accomplished, and that the Commonwealth is required only to "prove the *agreement*, not the actual offense."

The several cases the Attorney General cites involved appeals of convictions under Code § 18.2-22 and its statutory ancestors. That statute applies only to conspiracies to commit felonious offenses (identified only by class) and expressly excludes conspiracies defined in Title 18.2, Chapter 7, Article 1 (Code §§ 18.2-247 through -265.5). The indictment against Graves was based upon

Code § 18.2-256.[1] That section applies only to conspiracies to commit particular crimes, *i.e.,* narcotics offenses, and, unlike the general conspiracy statute, the narcotics conspiracy statute proscribes conspiracies to commit misdemeanors as well as felonies.

The indictment charged Graves with a conspiracy to distribute more than one-half ounce of marijuana, one of the felonies defined in Code § 18.2-248.1.[2] Thus, the Commonwealth was required to prove an agreement to distribute a proscribed substance and to prove both the identity and the quantity of the substance contemplated by the agreement.

In our view, Woods' testimony supports the conclusion that Graves entered into an agreement with others to distribute an unlawful substance and that the substance contemplated by the agreement was marijuana. Such proof may have sufficed to convict the defendant of the misdemeanor defined in Code §§ 18.2-256 and -248.1(a)(1). And we believe that the evidence would have been sufficient to support a felony conviction if the Commonwealth had proved the quantity involved in the "transactions" made pursuant to the agreement. But proof of weight is an essential element of the felony charged under Code §§ 18.2-256 and -248.1(a)(2), and we find no such proof of record.

Because we hold that the evidence was insufficient to prove the felony charged, the judgment of conviction will be vacated and the order of the Court of Appeals reversed. *See Burks* v. *United States,* 437 U.S. 1, 15 (1978). We will remand the case to the

---

[1] § **18.2-256. Conspiracy.** — Any person who conspires to commit any offense defined in this article or in the Drug Control Act (§ 54-524.1 et seq.) is punishable by imprisonment or fine or both which may not be less than the minimum punishment nor exceed the maximum punishment prescribed for the offense, the commission of which was the object of the conspiracy.

[2] In pertinent part, that statute provides:

§ **18.2-248.1. Penalties for sale, gift, distribution or possession with intent to sell, give or distribute marijuana.** — Except as authorized in the Drug Control Act, Chapter 15.1 (§ 54-524.1 et seq.) of Title 54 of this Code, it shall be unlawful for any person to sell, give, distribute or possess with intent to sell, give or distribute marijuana.

(a) Any person who violates this section with respect to:

(1) Not more than one-half ounce of marijuana is guilty of a Class 1 misdemeanor;

(2) More than one-half ounce but not more than five pounds of marijuana is guilty of a Class 5 felony;

(3) More than five pounds of marijuana is guilty of a felony punishable by imprisonment of not less than five nor more than thirty years.

Court of Appeals with direction to remand the case to the trial court for further proceedings, if the Commonwealth be so advised, but with instructions that the defendant be tried for no greater offense than the misdemeanor defined in Code §§ 18.2-256 and -248.1(a)(1). *See Dusenbery* v. *Commonwealth*, 220 Va. 770, 772, 263 S.E.2d 392, 394 (1980).

*Reversed and remanded.*