# Alonzo Nathaniel Wooten

## v.

# Commonwealth of Virginia

Record No. 870403

March 4, 1988

Present: All the Justices

*Michael F. Imprevento (Stanley E. Sacks; Sacks & Sacks,* on brief), for appellant.
*Leah A. Darron, Assistant Attorney General (Mary Sue Tery, Attorney General,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this criminal case, the question for decision is whether a single agreement to commit several drug-related crimes can form the basis for multiple convictions under the narcotics conspiracy statute, Code § 18.2-256.

Defendant Alonzo Nathaniel Wooten was convicted in the Circuit Court of the City of Newport News under three indictments alleging violations of § 18.2-256. Specifically, the indictments charged that defendant conspired with others, during the period January 1, 1983 through December 10, 1984, (1) to distribute marijuana in an amount in excess of five pounds, (2) to distribute cocaine, and (3) to distribute preludin. Following a bench trial, defendant was found guilty of each charge and sentenced to a prison term of eight years on the marijuana indictment; to a fine of $15,000 and imprisonment for 15 years, with five years suspended, on the cocaine indictment; and to a fine of $10,000 and imprisonment for 10 years, to run concurrently with the cocaine sentence, on the preludin indictment.

The Court of Appeals granted defendant's petition for appeal from these convictions and, by unpublished order, affirmed the convictions in March 1987. We awarded defendant an appeal to consider the foregoing issue.

A detailed recital of the facts is unnecessary. Defendant does not dispute on appeal that he was a party to an agreement during the period of time charged, under which marijuana, cocaine, and preludin were distributed. The instant prosecutions resulted from an undercover investigation by the Newport News police during the fall of 1984 into a continuing criminal enterprise in which drugs were distributed daily, 12 hours a day. The principal activity occurred at the intersections of 22nd Street and 23rd Street with Chestnut Avenue in the southeast portion of the city. One of

the alleged conspirators was Thomas Lee Graves, whose prosecution was the subject of decision at our last session, *Graves* v. *Commonwealth*, 234 Va. 578, 363 S.E.2d 705 (1988). That opinion describes the manner in which the criminal transactions were conducted. In the present case, the prosecutor alleged that Wooten was the leader of the conspiracy, that he supervised the operation on almost a daily basis, and that he personally directed disbursement of the drugs involved and handled "the cash flow."

On appeal, as in the trial court, defendant argues that a single criminal conspiracy to distribute drugs "cannot be prosecuted as multiple, divisible conspiracies merely because several illegal drugs were distributed." He contends that such prosecutions and convictions violate the double jeopardy guarantees against the imposition of multiple punishment for the same offense. U.S. Const. amend. V; Va. Const. art. I, § 8. Defendant correctly notes that the evidence in the present case established there was but a single agreement to which he was a party. Therefore, he argues, "the imposition of multiple punishments for each of the objectives of that agreement was constitutionally infirm." We do not agree.

As the Court of Appeals decided, this case is controlled by *Cartwright* v. *Commonwealth*, 223 Va. 368, 288 S.E.2d 491 (1982). In that case, we held that "a single agreement can form the basis for multiple violations of Code § 18.2-22," the general conspiracy statute. *Id.* at 372, 288 S.E.2d at 493. Distinguishing *Braverman* v. *United States*, 317 U.S. 49 (1942), a case heavily relied upon by this defendant, we said in *Cartwright* that the pertinent inquiry is whether, in the enactment of the statute under scrutiny, the legislature intended to provide for multiple punishments.

In other words, in the double jeopardy context, " 'the question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized.' " *Albernaz* v. *United States*, 450 U.S. 333, 344 (1981), *quoting Whalen* v. *United States*, 445 U.S. 684, 688 (1980). "Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown* v. *Ohio*, 432 U.S. 161, 165 (1977), *quoted in Albernaz*, 450 U.S. at 344. *See Educational*

*Books* v. *Commonwealth*, 228 Va. 392, 394-95, 323 S.E.2d 84, 85 (1984); *Kelsoe* v. *Commonwealth*, 226 Va. 197, 199, 308 S.E.2d 104, 104 (1983). Thus, we must determine what punishment the General Assembly has authorized under the statute in question.

The general conspiracy statute provides, in pertinent part,

"§ **18.2-22. Conspiracy to commit felony.** — (a) If any person shall conspire, confederate or combine with another, . . . to commit a felony . . . he shall be guilty of a felony which shall be punishable as follows:

(1) Every person who so conspires to commit an offense which is punishable by death shall be guilty of a Class 3 felony;

(2) Every person who so conspires to commit an offense which is a noncapital felony shall be guilty of a Class 5 felony; and

(3) Every person who so conspires to commit an offense the maximum punishment for which is confinement in the penitentiary for a period of less than five years shall be confined in the penitentiary for a period of one year, or . . . may be confined in jail not exceeding twelve months and fined not exceeding $500, either or both.

. . . .

(d) The penalty provisions of this section shall not apply to any person who conspires to commit any offense defined in Chapter 15.1 (§ 54-524.1 et seq.) of Title 54 or of Article 1 (§ 18.2-247 et seq.), Chapter 7 of this title. The penalty for any such violation shall be as provided in § 18.2-256."

The narcotics conspiracy statute, the basis for the present indictments, provides,

"§ **18.2-256. Conspiracy.** — Any person who conspires to commit any offense defined in this article or in the Drug Control Act (§ 54-524.1 et seq.) is punishable by imprisonment or fine or both which may not be less than the minimum punishment nor exceed the maximum punishment prescribed for the offense, the commission of which was the object of the conspiracy."

This statute is codified among the drug-related health and safety crimes prohibited by Article 1, Chapter 7 of Title 18.2 of the Code (§ 18.2-247 through -264).

■ Thus, the general conspiracy statute "applies only to conspiracies to commit felonious offenses . . . and expressly excludes conspiracies defined in" the Drug Control Act or in Article 1, mentioned above. *Graves* v. *Commonwealth*, 234 Va. at 581, 363 S.E.2d at 707. Section 18.2-256 "applies only to conspiracies to commit particular crimes, *i.e.*, narcotics offenses, and, unlike the general conspiracy statute, the narcotics conspiracy statute proscribes conspiracies to commit misdemeanors as well as felonies." *Id.*

As we said in *Cartwright*, "[i]n enacting Code § 18.2-22, the General Assembly determined that all conspiracies are not the same. Conspiracies to commit more serious crimes are punished more severely." 223 Va. at 372, 288 S.E.2d at 493.

■ Likewise, we conclude that the legislature, in enacting § 18.2-256, determined that all drug conspiracies are not the same. Conspiracies to commit more serious drug offenses are to be punished more severely. The legislative intent is implicit in the statutory reference to punishment "which may not be less than the minimum punishment nor exceed the maximum punishment prescribed for the offense, the commission of which was the object of the conspiracy." To determine the applicable penalty in an agreement to distribute marijuana, cocaine, and preludin, there must be reference to the penalty for each of the individual substantive offenses that are the objects of the conspiracy.

■ Thus, we hold that a single agreement can form the basis for multiple violations of § 18.2-256. Otherwise, criminals would be encouraged to plot a number of drug-related crimes simultaneously, because only one conspiracy would exist. This could not have been the intention of the General Assembly.

For these reasons, the judgment of the Court of Appeals will be

*Affirmed.*