## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

v.

David P. Bowman

January 5, 1989

Case No. 88F111

By JUDGE GEORGE F. TIDEY

This matter comes before the Court on the defendant's Motion to Quash the Indictment returned by the Grand Jury on February 8, 1988. The Indictment charges that the defendant did on or about August 4, 1987, unlawfully and feloniously conspire with another to sell, give or distribute a schedule II controlled substance, to wit: cocaine in the County of Henrico. The defendant's motion is based on Virginia Code Section 18.2-23.1, which bars the conviction of conspiracy when the defendant has been convicted of the underlying substantive offense. The defendant relies on his conviction in this Court of the distribution of cocaine which occurred on December 15, 1987.

*Statements of Facts*

The defendant relies on eight transactions that occurred between August 4, 1987, and December 24, 1987. Briefly, these transactions are as follows.

August 4, 1987. A confidential informant (CI) met with Randy Smith (Smith) and the defendant at the Album Box, located on Mechanicsville Turnpike in Henrico County. The purpose was for the CI to purchase one ounce of cocaine. Two thousand dollars was delivered to Jackie Elam (Elam), and Elam gave the CI $180.00 in change. Anthony Bowman

(Tony) delivered the cocaine to the CI. This was the only actual transaction at the Album Box, which was owned and operated by the defendant.

August 31, 1987. The CI met with Smith who drove to Elam's house at 1937 Repp Circle in Henrico County and returned to a home on Caddie Lane, in Henrico County, where the transaction was completed. The purchase was for $1,000.00.

September 23, 1987. The CI met with Smith and the defendant. The defendant advised them to go to the Album Box in the City of Richmond. This transaction was for one ounce of cocaine, and the purchase price was $1,800.00. The actual exchange of cocaine took place at a Shell gas station on Mechanicsville Turnpike in Henrico County.

September 25, 1987. This transaction involved the CI, Smith and Tony. A telephone call was made to the Album Box on Mechanicsville Turnpike. The transaction took place at the residence on Caddie Lane where the defendant brought the cocaine and the money was exchanged.

October 7, 1987. This transaction involved the CI and Smith. They went to the Album Box in the City of Richmond. There was a purchase of one ounce of cocaine for $1,800.00. The money was delivered to Tony, and the defendant's girlfriend, Pam Kirven, delivered the cocaine.

November 13, 1987. This transaction took place at Caddie Lane in Henrico County. It involved the CI, the defendant, and Elam. It was the purchase of one ounce of cocaine for $1,800.00.

December 15, 1987. This transaction involved the CI and the defendant. The CI made a call to the Album Box in Henrico County. He talked to the defendant who then delivered the cocaine to the CI at the residence on Caddie Lane. The defendant has been convicted of distribution of cocaine and relies on this conviction to prevent the proceedings on the conspiracy charge.

December 24, 1987. This transaction took place at the defendant's home on Waving Meadows Drive in Henrico County. It involved the CI, Elam and Smith. No money was involved. The CI was given four packets of cocaine to distribute.

The above statement of facts may not be exactly how all of the transactions took place. However, for the

purposes of the defendant's motion, it contains the necessary facts underlying the motion.

### Arguments Presented

The defendant argues that Virginia Code Section 18.2-23.1 bars the Commonwealth from trying him on the August 4, 1987, conspiracy indictment. He relies on the fact that he has already been convicted of the completed substantive offense of distribution of cocaine on December 15, 1987. It is the defendant's position that the conspiracy was ongoing, beginning prior to August 4, 1987, but with these facts commencing on that date when the CI was able to penetrate what the defendant calls "The Organization." He says that he cannot now be tried for the conspiracy to distribute when he has already been convicted of distribution.

The Commonwealth contends that this is not one conspiracy but separate offenses. Thus, the August 4, 1987, conspiracy to distribute is distinct from the December 15, 1987, distribution, and there should be no bar to the Commonwealth's proceeding on the conspiracy charge after conviction for the distribution of cocaine charge.

The issue before the court then is whether the facts here prove a single conspiracy or multiple conspiracies.

### Opinion

In determining whether the prosecution has demonstrated a single conspiracy or multiple conspiracies, the court applies a "totality of the circumstances" test using factors identified in *Barber v. Commonwealth*, 5 Va. App. 172 (1987) (citing *United States v. MacDougall*, 790 F.2d 1135 (4th Cir. 1986)). These factors are "(1) time periods in which the activities occurred; (2) the statutory offenses as charged in the indictments; (3) the places where the activities occurred; (4) the persons acting as co-conspirators; and (5) the overt acts or any other descriptions of the offenses charged which indicate the nature and scope of the activities to be prosecuted."

*Time Period*: The time period relied upon by the defendant is August 4, 1987, through December 24, 1987. There are eight separate transactions during this five

month time span. Each involves cocaine on a separate date. All but the last transaction involves payment for the cocaine.

*Statutory Offenses*: The August 4, 1987, indictment is for conspiracy to distribute cocaine in violation of Virginia Code Sections 18.2-256 and 18.2-248. The December indictment charges distribution of cocaine, a violation of Virginia Code Section 18.2-248.

*Places Where the Activities Occurred*: The August 4, 1987, sale occurred at the Album Box in Henrico County. The December 15, 1987, transaction took place on Caddie Lane in Henrico County. The intervening transactions took place at various other places but predominantly in Henrico County.

*Persons Acting as Co-conspirators*: The August 4 transaction involved CI, Smith, Elam, Tony, and the defendant. The December 15 transaction involved CI and the defendant. The intervening transactions involved basically the CI, Smith, the defendant and, at times, others, including Elam, Tony, and Pam Kirven.

*Overt Acts*: The August 4 sale was indirect in that the money went from the CI to Elam, and the cocaine came from Tony to the CI. The defendant was the overall director of this transaction. The December 15 transaction was a face-to-face sale between the CI and the defendant. The intervening transactions were handled in various ways. However, the defendant was involved in most of them either directly or indirectly.

In considering the *Barber* factors and applying them to the instant facts, the Court finds that there were multiple conspiracies between August and December, 1987. The activities occurred at different times, different places, with different people involved, different modes of consummating the transactions, and different statutory offenses charged in the indictments. It is true that there were many similarities in the transactions, but the totality of the circumstances indicates that these were individual transactions and not one common scheme of a conspiracy.

The pertinent inquiry under the statute is whether, "in the enactment of the statute . . . the legislature intended to provide for multiple punishments." *Wooten v. Commonwealth*, 235 Va. 89 (1988). In *Wooten*, the Court's

rationale for finding that a single agreement can support multiple convictions is that:

> Otherwise, criminals would be encouraged to plot a number of drug-related crimes simultaneously, because only one conspiracy could exist. This could not have been the intention of the General Assembly.

Thus, if the Court were to accept the defendant's argument that the transactions constituted a single agreement, the Court could still find that there were multiple violations of Virginia Code Section 18.2-256, the drug conspiracy statute.

Having found it proper on these facts for the Commonwealth to prosecute on this indictment, the defendant's "Motion to Quash the Indictment," is, for the above-stated reasons, denied.