905 F.2d 1533
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alonzo WOOTEN, Petitioner-Appellant,
v.
Edward W. MURRAY, Director, Virginia Department of
Corrections, Respondent-Appellee.
 No. 89-6015.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1990.
Decided May 14, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (C/A No. 89-61-N)
 Alonzo Wooten, appellant pro se.
 Leah Ann Darron, Office of the Attorney General, Richmond, Va., for appellee.
 E.D.Va.
 DISMISSED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and HARRISON L. WINTER,* Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Alonzo Wooten, a Virginia prisoner, filed a 28 U.S.C. Sec. 2254 petition claiming that his separate sentences for conspiracy to distribute cocaine, conspiracy to distribute marijuana, and conspiracy to distribute preludin, all arising out of one conspiratorial agreement, were barred by the Double Jeopardy Clause. The magistrate recommended, on authority of Braverman v. United States, 317 U.S. 49 (1942), that the writ issue. However, the district court rejected the magistrate's recommendation and dismissed the petition on authority of Missouri v. Hunter, 459 U.S. 359 (1983), and Albernaz v. United States, 450 U.S. 333 (1981). We agree with the district court and deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 One of the protections of the Double Jeopardy Clause is the prohibition against "multiple punishments for the same offense." Missouri v. Hunter, 459 U.S. at 366; North Carolina v. Pearce, 395 U.S. 711, 717 (1969). The limits of this protection are clearly defined--"the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. at 366. Simply put, this prohibition keeps sacrosanct the legislature's "substantive power to define crimes and prescribe punishments." Jones v. Thomas, 57 U.S.L.W. 4762, 4764 (U.S. June 19, 1989) (No. 88-420). Therefore, "the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." Ohio v. Johnson, 467 U.S. 493, 499 (1984).
 
 
 3
 In this inquiry, federal courts are bound by the highest state court's construction of legislative intent. Ohio v. Johnson, 467 U.S. at 499; Missouri v. Hunter, 459 U.S. at 368; Banner v. Davis, 886 F.2d 777, 780 (6th Cir.1989); Tarpley v. Dugger, 841 F.2d 359, 364 (11th Cir.1988), cert. denied, 57 U.S.L.W. 3232 (U.S. Oct. 3, 1988) (No. 87-7121); Sanderson v. Rice, 777 F.2d 902, 904-08 (4th Cir.1985), cert. denied, 475 U.S. 1027 (1986). Here, it is beyond peradventure that the Virginia legislature intended that Wooten be subject to cumulative sentences. The Virginia Supreme Court's opinion on this precise issue in Wooten's direct appeal leaves no doubt that the Virginia legislature intended to allow cumulative sentences in this situation. See Wooten v. Commonwealth, 235 Va. 89, 368 S.E.2d 693 (1988). Therefore, there is no double jeopardy violation. Missouri v. Hunter, supra.
 
 
 4
 Accordingly, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented and oral argument would not aid the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 *
 Judge Winter participated in the consideration of this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. Sec. 46(d)