COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Humphreys
Argued at Chesapeake, Virginia


ROBERT JOSEPH SLAVEK

MEMORANDUM OPINION[*] BY
v.    Record No. 2452-00-1        JUDGE RICHARD S. BRAY
                                   OCTOBER 9, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

Joseph A. Migliozzi (Hooker & Migliozzi,
P.C., on brief), for appellant.

Virginia B. Theisen, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Pursuant to the terms of a plea agreement, Robert Joseph

Slavek (defendant) pled guilty to twelve indictments, eight

charging possession of child pornography, second or subsequent

offense, and four alleging reproduction of like material,

violations of Code §§ 18.2-374.1:1, -374.1, respectively,

expressly reserving the right to appeal "pre-trial motions." On

appeal, defendant contends the trial court erroneously denied his

pretrial motion to quash the indictments, arguing the prosecutions

constituted double jeopardy and, further, that "printing of a

pornographic image from a computer screen" is not the reproduction

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

of such material contemplated by Code § 18.2-374.1.  We affirm the convictions for reproduction of offending photographs but reverse the convictions for possession of like images.

The parties are conversant with the record, and this memorandum opinion recites only those facts necessary to disposition of the appeal.

I.

During the morning hours of August 18, 1999, Norfolk Police Officer R.A. Miller was conducting surveillance of defendant at the Kirn Memorial Library, a public facility.  As Miller watched, defendant, using library computer equipment, accessed and printed four sexually explicit images of children.  As a result, he was arrested immediately upon exiting the library, charged with "reproducing sexually explicit material of persons under eighteen years of age," and a "three-ring binder" containing the four pictures printed at the library was taken from his person.

At police headquarters, defendant waived his Miranda rights and admitted "using the library computer to access child pornography web sites for about a year."  A subsequent consensual search of defendant's room at the Norfolk Union Mission yielded "four plastic grocery bags containing numerous photographs printed from a computer," (emphasis added), which resulted in an arrest warrant charging defendant with possession of "sexually explicit visual material utilizing or having as a subject a person less

-

than eighteen years of age," a misdemeanor proscribed by Code § 18.2-374.1:1.

On November 15, 1999, defendant appeared before the Norfolk General District Court for trial on the misdemeanor and preliminary hearing on the felony. He entered a plea of guilty to the misdemeanor offense, and a hearing was conducted on the felony. In support of both prosecutions, the Commonwealth introduced into evidence, in bulk, the "four plastic grocery bags" of photographs discovered in defendant's room. (Emphasis added). At the conclusion of the district court proceedings, the court convicted and sentenced defendant on the misdemeanor but dismissed the felony.

On March 1, 2000, the grand jury indicted defendant on eight counts of possession of child pornography, second or subsequent offense, a felony, and four counts of production of sexually explicit items involving children, the instant offenses. The eight indictments essentially tracked the language of Code § 18.2-374.1:1 without particularizing the alleged conduct. The four reproduction indictments similarly mirrored one another and Code § 18.2-374.1, charging that defendant "did knowingly take part in or participate in the filming, photographing, or other reproduction of sexually explicit visual material by any means, including but not limited to computer-based reproduction, which utilizes or has as a subject a person less than eighteen years of

-

age."  All indictments alleged an offense date, "on or about August 18, 1999."

Prior to trial, defendant moved the court to quash the felony indictments, contending the misdemeanor conviction in the general district court for possession of child pornography was based upon the same photographs and barred further prosecution.  He further maintained that, "[Code § 18.2-374.1] does not govern the mere possession of sexually explicit material . . . [and] the indictments against [him] for production of sexually explicit items [were therefore] invalid."  After considering argument, the court overruled the motion, and defendant entered conditional guilty pleas to each offense, reserving the right to appeal the adverse ruling.  This appeal followed.

## II.

Defendant first challenges the eight convictions for possession of child pornography as violative of the constitutional prohibition against double jeopardy.  He contends that, because the evidence presented in the general district court to prove the misdemeanor offense, possession of child pornography, was the same that supported the subsequent felony convictions in the trial court for the identical crime, as a second or subsequent offense, he was twice tried and convicted for the misconduct.  We agree.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.

-

Accordingly, an accused may not be subjected to "(1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense."  Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999) (citations omitted).

Here, defendant was convicted in the Norfolk General District Court on November 15, 1999, on a warrant charging possession of child pornography "on or about August 18, 1999," in violation of Code § 18.2-374.1:1, a misdemeanor.  In support of the prosecution, the Commonwealth offered into evidence "four plastic grocery bags containing numerous photographs printed from a computer," without distinguishing one among the allegedly illicit photographs as relevant to the offense then before the court. Defendant was found guilty and sentenced accordingly.  Thereafter, the grand jury indicted him on eight counts of the same crime, as a second or subsequent offense, each indictment simply reciting the conduct proscribed by the statute and referencing the offense date, "on or about August 18, 1999."  At trial, the Commonwealth offered "twenty pictures related to the possession charges," all from the "four plastic grocery bags" of photographs introduced in the earlier misdemeanor prosecution.

Assuming, without deciding, that the Commonwealth correctly asserts defendant is susceptible to prosecution for each unlawful photograph possessed on August 18, 1999, only one of which was

-

before the general district court, the record does not identify the photograph that supported the attendant conviction. Thus, we must conclude defendant was prosecuted and convicted in the general district court for the collective possession of all offending photographs in the "four plastic grocery bags," including those same photographs later subject of the eight indictments in the trial court. Accordingly, defendant was prosecuted for the same offense after conviction, a violation of his protection against double jeopardy, and we must reverse the resulting convictions for possession of the offending material in violation of Code § 18.2-374.1:1.

III.

Defendant also challenges the four convictions for reproduction of sexually explicit items involving children as violative of the constitutional guarantee against double jeopardy, arguing that (1) possession of such material is a "lesser-included offense," precluding conviction of both crimes, and (2) he was charged with multiple counts of the "same production." We disagree with both contentions.

A.

Assuming, without deciding, that possession of proscribed images is a lesser-included offense of reproduction of such images, the instant crimes of possession clearly were not lesser-included offenses of the reproduction indictments. At the hearing on the motion to quash, defendant stated:

-

> [U]pon execution of the search, Judge, they found . . . what I would stipulate from the lower trial was presented in evidence . . . <u>four plastic grocery bags, full of child pornography</u>.
>
> Now, <u>this</u> evidence was read into the Court in General District Court . . . . <u>Based upon that evidence</u> [defendant] entered a plea of guilty to the misdemeanor . . . and <u>based upon the totality of the evidence</u> and the law the felony charge was dismissed by [the] Judge . . . .

(Emphasis added). Thus, defendant conceded that he was convicted in the general district court for the possession of the "four plastic grocery bags, full of child pornography" found in his room at the Norfolk Union Mission.

However, upon later indictment in the trial court, he was convicted of reproducing "the four pictures [found] in his [three-ring] binder [that] he had printed at [the library] just prior to his arrest," felonious conduct clearly distinct from possession of "four plastic grocery bags, full of child pornography." Thus, the earlier possession conviction was not implicated in the subsequent four reproduction indictments.

B.

Defendant further contends the Commonwealth charged multiple counts of the "same production," resulting in constitutionally impermissible punishments for a single criminal act, the production of sexually explicit items involving children in violation of Code § 18.2-374.1.

-

"When considering multiple punishments for a single transaction, the controlling factor is legislative intent." Kelsoe v. Commonwealth, 226 Va. 197, 199, 308 S.E.2d 104, 104 (1983). The legislature "determine[s] the appropriate 'unit of prosecution' and set[s] the penalty for separate violations." Jordan v. Commonwealth, 2 Va. App. 590, 594, 347 S.E.2d 152, 154 (1986). "Therefore, although multiple offenses may be the 'same,' an accused may be subjected to legislatively 'authorized cumulative punishments.'" Shears v. Commonwealth, 23 Va. App. 394, 401, 477 S.E.2d 309, 312 (1996). "It is judicial punishment in excess of legislative intent which offends the double jeopardy clause." Id.

In enacting Code § 18.2-374.1, the General Assembly declared that

> [a] person shall be guilty of a Class 5
> felony . . . [w]ho knowingly takes part in
> the filming, photographing or other
> reproduction of sexually explicit visual
> material by any means, including but not
> limited to computer-generated reproduction,
> which utilizes or has as a subject a person
> less than eighteen years of age.

Code § 18.2-374.1(B)(3). Code § 18.2-374.1(A) defines the term "sexually explicit visual material" as "a picture, photograph, drawing, sculpture, motion picture film, digital image or similar visual representation . . . ."

-

In _Educational Books, Inc. v. Commonwealth_, 228 Va. 392, 323 S.E.2d 84 (1984),[1] the Virginia Supreme Court determined the unit of prosecution in the obscenity statute, Code § 18.2-374, was a single item proscribed by the statute, reasoning that "Code § 18.2-374 prohibits the sale of 'any obscene item.' Code § 18.2-373 provides that '[o]bscene items' shall include '[a]ny obscene . . . magazine.' The gravamen of the offense is the sale of a single obscene item." _Id._ at 395, 323 S.E.2d at 86. The legislature evinced a similar intent in Code § 18.2-374.1, with each reproduction of an item of sexually explicit visual material constituting a "unit of prosecution." _See, e.g._, _Kelsoe_, 226 Va. at 198-99, 308 S.E.2d at 104 (accused convicted of three violations for simultaneously brandishing the same firearm at three persons); _Sullivan v. Commonwealth_, 16 Va. App. 844, 847, 433 S.E.2d 508, 510-11 (1993) (defendant convicted of two robberies, and related firearm offenses, from two clerks at the same video store); _Jordan_, 2 Va. App. at 597, 347 S.E.2d at 156 (defendant convicted of two robberies, and related firearm offenses, from employees of a restaurant).

---

[1] In _Educational Books_, two police investigators purchased magazines from the defendant store. The first investigator purchased a single magazine and three transparent packages, each containing three different magazines. At trial, five of these magazines were introduced into evidence. The second investigator purchased four magazines, all of which were introduced into evidence. Defendant was convicted of nine sales in violation of Code § 18.2-374. _See Educational Books_, 228 Va. at 394, 323 S.E.2d at 85.

-

Defendant was observed accessing and reproducing by computer four distinct illicit images, on four separate occasions over a period of several hours.  At trial on such offenses, the Commonwealth introduced into evidence the "four pictures" and "the videotape . . . [depicting] . . . defendant printing these at . . . [the] library."  Such evidence sufficiently proved beyond a reasonable doubt that defendant committed four distinct violations of Code § 18.2-374.1, each properly subject to prosecution and punishment.

IV.

Lastly, defendant contends that Code § 18.2-374.1 proscribes only the "creat[ion]" of "a sexually explicit image of a child," not, as the trial court found, the "printing of a pornographic image from a computer screen."  Once again, we disagree.

In pertinent part, Code § 18.2-374.1 provides:

> A.  For the purposes of this article and Article 4 (§ 18.2-362 et seq.) of this chapter, the term "sexually explicit visual material" means a picture, photograph, drawing, sculpture, motion picture film, digital image or similar visual representation which depicts sexual bestiality, a lewd exhibition of nudity, as nudity is defined in § 18.2-390, or sexual excitement, sexual conduct or sadomasochistic abuse, as also defined in § 18.2-390, . . . .

> B.  A person shall be guilty of a Class 5 felony who: . . .

>     *     *     *     *     *     *     *

-

> 3. Who [sic] knowingly takes part in or participates in the filming, photographing or other reproduction of sexually explicit visual material by any means, <u>including</u> but not limited to <u>computer-generated reproduction</u>, which utilizes or has as a subject a person less than eighteen years of age; . . . .

(Emphasis added).

"When statutory construction is required, we construe a statute to promote the end for which it was enacted, if such an interpretation can reasonably be made from the language used." <u>Woolfolk v. Commonwealth</u>, 18 Va. App. 840, 847, 447 S.E.2d 530, 533 (1994). "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction." <u>Branch v. Commonwealth</u>, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). "Although penal laws are to be construed strictly [against the Commonwealth], they 'ought not to be construed so strictly as to defeat the obvious intent of the legislature.'" <u>Willis v. Commonwealth</u>, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990) (citation omitted). Moreover, "a statute should never be construed so that it leads to absurd results." <u>Branch</u>, 14 Va. App. at 839, 419 S.E.2d at 424.

Code § 18.2-374.1 clearly prohibits the "reproduction . . . by any means, including but not limited to computer-generated reproduction." <u>See</u> Code § 18.2-374.1(B)(3). Defined by <u>Webster's Ninth New Collegiate Dictionary</u> 1001 (1983), "reproduce" is "to produce again . . . to cause to exist again or anew," and

-

"reproduction" is "the act or process of reproducing," a synonym of "duplicate," and "copy." Id. Thus, the statute plainly and unambiguously forbids the conduct in issue.

Accordingly, we reverse and dismiss the eight convictions for possession of child pornography and affirm the four convictions for reproduction of sexually explicit material.

<u>Affirmed in part,</u>
<u>and reversed and</u>
<u>dismissed in part</u>.