COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Retired Judge Smith[*]
Argued by teleconference


ZACHARY BARTH HAMLETT

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 1903-02-3        JUDGE RUDOLPH BUMGARDNER, III

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                   J. Samuel Johnston, Jr., Judge

            Khalil A. Latif for appellant.

            Robert H. Anderson, III, Senior Assistant
            Attorney General (Jerry W. Kilgore, Attorney
            General, on brief), for appellee.


     During a jury trial, the trial court dismissed nine counts

of distribution of cocaine after which Zachary Barth Hamlett

pled guilty to two counts of distribution of cocaine.  The trial

proceeded on the two remaining counts of possession of a firearm

while in possession of cocaine, Code § 18.2-308.4.  The jury

convicted defendant of both counts.  The defendant maintains the

evidence was insufficient to prove he possessed the firearms

_____

     [*] Retired Judge Charles H. Smith, Jr., took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400.

     [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

when he possessed the cocaine and the court erred in finding him guilty of two counts.[1]  Finding no error, we affirm.

On appeal, we view the evidence and the reasonable inferences therefrom in the light most favorable to the Commonwealth.  Commonwealth v. Taylor, 256 Va. 514, 516, 506 S.E.2d 312, 313 (1998).  Around noon on June 7, 2001, Cynthia Scott made a controlled buy of crack cocaine from the defendant at his residence.  She met the defendant in his living room. After she asked to buy cocaine, the defendant "went down the hallway" and returned a few minutes later with the drugs.  The same day, Barbara Jones purchased rock cocaine from the defendant in the living room of his residence.

The police executed a search warrant for the defendant's residence at 3:00 p.m. that day.  In the defendant's bedroom at the end of the hall, they found a loaded Intertech 9 mm gun near the head of the bed.  An open gun safe contained several shotguns and rifles.  In that room they also found crack cocaine, marijuana, cell phones, and approximately $3,000 cash. They recovered a gun from the defendant's shed and another one

---

[1] Before trial, the defendant had pled guilty to drug charges including possession of a firearm while in possession of cocaine.  He maintains that conviction bars his later trial for either of these charges.  The record contains nothing from the earlier proceeding.  With no record of the indictment, the evidence, or the final order, we do not address the argument.

from his car. The defendant asked "if he would get his guns back."

Beginning in 1999, Scott bought drugs from the defendant at his residence. The defendant had displayed a handgun during some of those drug purchases. He told her he carried a firearm "for protection or [in case] somebody tried to stiff him."

The defendant maintains Cynthia Scott and Barbara Jones were not credible witnesses and no direct evidence showed that he possessed a firearm in his residence when he sold cocaine to them. The evaluation of the credibility of any witness is a function of the fact finder. "The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." Taylor, 256 Va. at 518, 506 S.E.2d at 314; Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567-68 (1976). Interestingly, the defendant conceded their credibility at trial when, after they testified, he changed his plea to guilty of distributing cocaine.

Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

- 3 -

Scott and Jones both testified they purchased drugs from the defendant in his living room. When Scott asked for the cocaine, the defendant went down the hallway, and returned with the cocaine. Within three hours, police recovered firearms, cocaine, marijuana, and a large amount of cash from his bedroom. Scott had previously seen the defendant with a gun while selling her drugs, and he had told her he carried a gun for protection when trafficking in drugs. The jury was entitled to determine if the witnesses were credible, and then it could reasonably infer the defendant knowingly possessed the firearms at the same time that he possessed and sold the cocaine. The jury could reject the defendant's argument that the firearms recovered during the search were not present during the earlier drug transactions.

The defendant maintains he unlawfully received multiple punishments because he possessed the same firearms and the same drugs on the same day without any distinguishing incident. He argues his firearm convictions arose out of "a single offense, a 'long transaction of illegal possession.'" If the defendant's conduct constituted separate violations of the same offense, then the trial court did not exceed its authority in imposing multiple punishments. Jordan v. Commonwealth, 2 Va. App. 590, 594, 347 S.E.2d 152, 154 (1986); Stephens v. Commonwealth, 263 Va. 58, 61-63, 557 S.E.2d 227, 229-30 (2002) (affirming multiple convictions of shooting because "separate, identifiable acts.")

- 4 -

In Kelsoe v. Commonwealth, 226 Va. 197, 308 S.E.2d 104 (1983), the defendant brandished the same firearm at three people. The trial court convicted him of three violations of Code § 18.2-282. The gravamen of the offense was the inducement of fear in others. Id. at 199, 308 S.E.2d at 104. Therefore, the legislature authorized multiple punishments for separate violations, and the trial court did not err in imposing multiple punishments.

In Jordan, 2 Va. App. at 596, 347 S.E.2d at 156, the defendant argued that his two convictions for robbing two individuals at the same time constituted a single robbery. This Court held the number of people from whom property was taken determined the "unit of prosecution" because robbery was the use of violence against a person. Id. The legislature determined the "unit of prosecution" and "set the penalty for separate violations" of the same offense. Id. at 594, 347 S.E.2d at 154.

In Shears v. Commonwealth, 23 Va. App. 394, 477 S.E.2d 309 (1996), police found drugs on the defendant at a trailer and stored in his residence. The defendant was convicted of two counts of possession of cocaine with intent to distribute. This Court rejected his argument that the two convictions arose from a single criminal enterprise. "The gravamen of the offense is clearly possession of the specified drug with the requisite intent." Id. at 401, 477 S.E.2d at 312. Each distinguishable

- 5 -

possession "constitutes a 'unit of prosecution' for violation of the statute."  Id.

Code § 18.2-308.4 punishes possessing a firearm while possessing cocaine.  It states: "Violation of this section shall constitute a separate and distinct felony;" punished separately from "any punishment received for the commission of the primary felony."  Under the facts of this case, the gravamen of the offense was possessing a firearm while selling cocaine.  Each separate, identifiable sale was a unit of prosecution.

The defendant sold drugs to Scott and Jones.  During each transaction, he took the order in his living room, then moved to his bedroom where he stored the drugs and kept his guns.  The defendant obtained the quantity of cocaine ordered and returned to the living room to complete the transfer.  Each sale was a separate and distinct event.  During each sale, he had ready access to the firearms while he retrieved the drugs he was selling.  The defendant's conduct did not constitute a single transaction.  The two sales were separate and distinguished; they were multiple violations of the same offense and warranted separate punishments.  Accordingly, we affirm both convictions.

Affirmed.