COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


RONNIE EUGENE FULLWOOD
                                                          OPINION BY
v.        Record No. 2215-07-1                    JUDGE JAMES W. HALEY, JR.
                                                          MAY 12, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

Charles E. Haden for appellant.

Jennifer C. Williamson, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


The trial court convicted Ronnie Eugene Fullwood ("Fullwood") of two counts of

possessing drugs with the intent to distribute, within one thousand feet of a school in violation of

Code § 18.2-255.2.  He was also convicted of several related drug and gun charges, but the two

counts alleging violations of Code § 18.2-255.2 are the only charges relevant to the issue on

which we granted him this appeal.  It is undisputed that Fullwood possessed cocaine and that he

also possessed marijuana within one thousand feet of school property.  It is also undisputed that

he intended to distribute the drugs.  Fullwood's only argument on appeal is that prosecuting him

for two counts of Code § 18.2-255.2, one for each of the different illegal drugs he possessed,

violates double jeopardy principles.  We hold that it does not, and we affirm his convictions.

FACTS

On January 20, 2006, Officers Hahn and Turlington of the Newport News Police

conducted surveillance of the parking lot next to an apartment block.  They believed the parking

lot was used as an "open-air drug market."  From their observation post in a vacant apartment,

the police saw Fullwood drive into the parking lot and park next to a dumpster. Fullwood exited his car and spent some time talking to some other people in the parking lot. When a tan pickup truck pulled into the parking lot, Fullwood approached the driver's window. Hahn testified that, when watching Fullwood with binoculars, he saw the driver give to Fullwood what looked like cash. Fullwood then walked from the pickup truck's window to his own car, opened the trunk of his car, opened a bag that was inside of the trunk, and retrieved a small item from the bag. Fullwood closed the trunk of his car and returned to the pickup truck. The driver held out his hand, and Fullwood appeared to pass the item to the driver. Hahn contacted Sergeant Polak, also of the Newport News Police, who stopped the driver of the truck. The police recovered suspected marijuana from the driver.

Sergeant Polak went to the parking lot to arrest Fullwood. When Polak told Fullwood that he was going to search his car, Fullwood told Polak that there was a gun in the trunk. After issuing warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), Polak told Fullwood that he believed there was marijuana in the trunk. Fullwood replied that there were about two ounces in the trunk. Inside the trunk, Polak found a black backpack. Inside one pocket of the backpack was a clear plastic bag containing several smaller individually wrapped pieces of crack cocaine and two other individually wrapped pieces of crack cocaine outside of the bag. The same pocket also contained two clear plastic bags containing smaller individually wrapped bags of marijuana. Fullwood told Polak that he had three pieces of crack cocaine in his pocket, which Polak also recovered. On top of the spare tire in the trunk of Fullwood's car was a semiautomatic pistol.

Officer Turlington testified that he later measured the distance from the place where he and Officer Hahn had observed Fullwood's car to the property of Newsome Park Elementary school. His measurements indicated that the property of the school was between 574 and 587 feet away from Fullwood's car.

Before Fullwood's trial in the circuit court, and again as part of his motion to strike, Fullwood asked the trial judge to dismiss one count of the indictments alleging two separate violations of Code § 18.2-255.2. The circuit court denied Fullwood's motion, convicted him of both counts, and Fullwood appealed to this Court.

## ANALYSIS

Whether constitutional double jeopardy principles permit two prosecutions for simultaneously possessing two different types of drugs in violation of Code § 18.2-255.2 is a pure question of law that we review *de novo*. According to the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, § 8 of the Virginia Constitution, a person may not be twice put in jeopardy for the same offense. "This prohibition provides three distinct guarantees. 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" Jordan v. Commonwealth, 2 Va. App. 590, 593, 347 S.E.2d 152, 154 (1986) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)).

Fullwood's contention is that, when the trial court denied his motion to dismiss one of the two counts in the indictments under Code § 18.2-255.2, the ruling violated the third of the guarantees mentioned above, that is, the protection against multiple punishments for the same offense. "When considering multiple punishments for a single transaction, the controlling factor is legislative intent." Kelsoe v. Commonwealth, 226 Va. 197, 199, 308 S.E.2d 104, 104 (1983). "'Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'" Wooten v.

Commonwealth, 235 Va. 89, 91, 368 S.E.2d 693, 694 (1988) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)).

Wooten is relevant to the arguments that Fullwood makes because the defendant in that case was convicted of multiple counts of conspiracy to distribute different illegal drugs, even though the defendant only made a single agreement to distribute: "Specifically, the indictments charged that defendant conspired with others, during the period January 1, 1983 through December 10, 1984, (1) to distribute marijuana in an amount in excess of five pounds, (2) to distribute cocaine, and (3) to distribute preludin." Id. at 90, 368 S.E.2d at 693. The defendant argued that "a single conspiracy to distribute drugs 'cannot be prosecuted as multiple, divisible conspiracies merely because several illegal drugs were distributed.'" Id. at 91, 368 S.E.2d at 694. "Defendant correctly notes that the evidence in the present case established there was but a single agreement to which he was a party. Therefore, he argues, 'the imposition of multiple punishments for each of the objectives of that agreement was constitutionally infirm.' We do not agree." Id.

In affirming the defendant's multiple drug conspiracy convictions in Wooten, our Supreme Court stressed the statutory language of the general conspiracy statute (Code § 18.2-22) providing that "'[c]onspiracies to commit more serious crimes are punished more severely.'" Id. at 93, 368 S.E.2d at 695 (quoting Cartwright v. Commonwealth, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982)).

> Likewise, we conclude that the legislature, in enacting [the drug conspiracy statute] determined that all drug conspiracies are not the same. Conspiracies to commit more serious drug offenses are to be punished more severely. The legislative intent is implicit in the statutory reference to punishment "which may not be less than the minimum punishment nor exceed the maximum punishment prescribed for the offense, the commission of which was the object of the conspiracy." To determine the applicable penalty in an agreement to distribute marijuana, cocaine, and preludin, there

> must be reference to the penalty for each of the individual
> substantive offenses that are the objects of the conspiracy.

Id. The statute that Fullwood was convicted of violating also contains language providing that

possessing some drugs near a school is to be punished more severely than possessing other drugs

near a school.

> Violation of this section shall constitute a separate and distinct
> felony. Any person violating the provisions of this section shall,
> upon conviction, be imprisoned for a term of not less than one year
> nor more than five years and fined not more than $100,000. A
> second or subsequent conviction hereunder for an offense
> involving a controlled substance classified in Schedule I, II, or III
> of the Drug Control Act (§ 54.1-3400 et seq.) or more than
> one-half ounce of marijuana shall be punished by a mandatory
> minimum term of imprisonment of one year to be served
> consecutively with any other sentence. . . .

Code § 18.2-255.2(B). Thus, a second offense of possessing with the intent to distribute less

than one half ounce of marijuana is punished less severely than a second offense of possessing

with the intent to distribute other drugs. In light of Wooten, this language indicates an

assumption on the part of the legislature that possession of different drugs with the same intent to

distribute may constitute separate violations of Code § 18.2-255.2(A)(ii), provided, of course,

that the evidence proves that the defendant possessed both substances in an area open to the

public that was within one thousand feet of school property.

Fullwood argues that the gravaman of the offense of distributing or possessing with intent

to distribute in violation of Code § 18.2-255.2 is the possession of drugs within one thousand feet

of school property. According to Fullwood, because there was only one possession, albeit of two

different drugs, Fullwood's multiple convictions violate double jeopardy principles by punishing

the same conduct twice. We believe our Supreme Court rejected this approach in Educational

Books, Inc. v. Commonwealth, 228 Va. 392, 323 S.E.2d 84 (1984). In Educational Books, it was

undisputed that the defendant store sold nine obscene magazines. Id. at 394, 323 S.E.2d at 85.

On appeal, the store argued that seven of the nine convictions violated the constitutional prohibitions against double jeopardy because of the undisputed evidence that the nine magazines were purchased in only two transactions. Id. Our Supreme Court rejected this argument.

> We hold that in the present case the statutory language shows an unmistakable legislative intent that the sale of each obscene magazine shall constitute a separate offense. Code § 18.2-374 prohibits the sale of "any obscene item." Code § 18.2-373 provides that "[o]bscene items" shall include "[a]ny obscene . . . magazine." The gravamen of the offense is the sale of a single obscene item.

Id. at 395, 323 S.E.2d at 86. Similarly, the gravaman of Code § 18.2-255.2(A) is the manufacture, sale, distribution or possession with the intent to distribute "any controlled substance, imitation controlled substance, or marijuana." According to the plain language of the statute, possession of each illegal substance amounted to a separate violation of the statute.

A rejection of Fullwood's argument is also implicit in our rejection of one of the Commonwealth's arguments in Lane v. Commonwealth, 51 Va. App. 565, 659 S.E.2d 553 (2008). In Lane, a narcotics investigator went to the defendant's residence to execute a search warrant for drugs. Id. at 569, 659 S.E.2d at 554. The investigator encountered the defendant on the defendant's porch, and the defendant consented to a "pat-down search."

> In appellant's right pocket, Webb found (1) a plastic bag containing sixty-two "round, green coated tablets," marked "OC" and "80," later determined to be oxycodone; (2) a plastic bag containing $638 of U.S. currency; (3) a plastic bag containing $3,490 in U.S. currency; and (4) a plastic bag containing seventeen white, oblong tablets, later determined to be hydrocodone. In appellant's left pant pocket, Webb found: (1) $181 in U.S. currency; and (2) a plastic bag "containing twenty-eight white round tablets," later determined to be Endocet, a combination of oxycodone and acetaminophen that is a generic form of the drug Percoset.

Id. at 569, 659 S.E.2d at 554-55. At trial, the defendant was convicted of three counts of possession with the intent to distribute a controlled substance "(one count for liquid oxycodone,

one count for Endocet tablets, which contained oxycodone, and one count for oxycodone tablets) . . . ." Id. at 568, 659 S.E.2d at 554.  On appeal, the defendant argued, and we agreed, that the defendant's convictions on three counts for possessing three quantities of the same drug constituted multiple punishments for the same offense, in violation of the Double Jeopardy Clauses of the United States and Virginia Constitutions.  One of the Commonwealth's arguments was that "the different pharmaceutical compositions of the drugs support separate convictions, as the Endocet tablets contained both oxycodone and acetaminophen, while the liquid oxycodone and oxycodone tablets were 'pure oxycodone.'" Id. at 578, 659 S.E.2d at 559.  But we rejected this argument:  "The Commonwealth's contention that the Endocet can be differentiated based on its different pharmaceutical composition is unavailing.  Endocet is a combination of oxycodone and acetaminophen, an over-the-counter, legal medication.  Possession of Endocet tablets is prohibited only because it contains oxycodone." Id. at 582 n.8, 659 S.E.2d at 561 n.8.

In Lane, we disagreed with the Commonwealth's argument that the defendant's multiple convictions were consistent with double jeopardy principles because we rejected the factual premise that oxycodone and Endocet tablets were different illegal substances.  It follows from this reasoning that, if Endocet tablets did contain an illegal substance *other than oxycodone*, we would have affirmed the defendant's multiple convictions.  In this case, there can be no dispute that the Code treats marijuana and cocaine as separate and discrete substances.  The possession of each substance violates separate sections of the Code.  Compare Code § 18.2-250(A)(a) (possession of Schedule II controlled substance unlawful) with Code § 18.2-250.1 (possession of marijuana unlawful).  Moreover, cocaine is classified as a Schedule II controlled substance, and marijuana is not. See Code § 54.1-3448.  The fact that the Code treats cocaine and marijuana as separate illegal drugs, the possession or distribution of which can constitute separate offenses,

distinguishes this case from <u>Lane</u>, and strongly suggests that Fullwood's multiple convictions are consistent with the Double Jeopardy Clause.

CONCLUSION

We hold that the trial court did not err in denying the defendant's motion to dismiss one of the indictments charging a violation of Code § 18.2-255.2. Fullwood's convictions are affirmed.

<u>Affirmed.</u>